UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAERED N. ANDREWS, et al.,<br><br>    Plaintiffs,<br>vs.<br><br>FREMANTLEMEDIA N.A., INC., et al.,<br><br>    Defendants. | Case No. 13-cv-5174-NRB |

**DECLARATION OF MARK W. ROBERTSON
IN SUPPORT OF DEFENDANTS' MOTION TO
DISMISS PLAINTIFFS' NOVEMBER 12, 2013 COMPLAINT**

I, Mark W. Robertson, do hereby declare under penalty of perjury pursuant to 28 U.S.C. section 1746 the following:

1. I am a member in good standing in the Bar of the State of New York and a partner with O'Melveny & Myers, LLP, 7 Times Square, New York, New York, 10036, (212) 326-2000. I represent defendants FremantleMedia North America, Inc., American Idol Productions, Inc., Fox Broadcasting Company, Twenty-First Century Fox, Inc., 19 Entertainment Limited, CORE Media Group Inc., Nigel Lythgoe, Ken Warwick, Ford Motor Company, The Coca-Cola Company, and AT&T Mobility LLC in the above-captioned matter.

2. I respectfully submit this declaration in support of defendants' Motion to Dismiss Plaintiffs' November 12, 2013 Complaint ("TAC"). The statements contained in this declaration are based on information and belief following my review of the attached exhibits.

3. The TAC relies heavily on the terms of the *American Idol* Contestant Agreements. Despite plaintiffs' decision not to attach the Contestant Agreements to their pleading, the Contestant Agreements are properly before the Court for the purposes of

defendants' Motion to Dismiss.  *See, e.g.*, *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010) (courts may consider a document "where the complaint relies heavily upon its terms and effect").

4. The TAC alleges that "[u]pon information and belief, the *American Idol* CONTESTANT AGREEMENT utilized by ENTERPRISE-DEFENDANTS in Season Three, Season Five, Season Six, and Season Seven are identical or substantially identical to the language employed in *American Idol* CONTESTANT AGREEMENT for Season Two, Season Eight and Season Nine." (TAC ¶ 1234.)

5. As they must, defendants accept this allegation as true for the purpose of their Motion to Dismiss.  *See, e.g.*, *Town of Babylon v. Fed. Hous. Fin. Agency*, 699 F.3d 221, 227 (2d Cir. 2012).

6. Accordingly, for simplicity and to reduce the burden on the Court, defendants have not attached the entirety of all ten Contestant Agreements.  Rather, defendants have attached hereto as **Exhibit 1** a true and correct copy of excerpts from a Contestant Agreement from Season Eight (Ju'not Joyner's) as a representative agreement for Jaered Andrews (Season Two), Corey Clark (Season Two), Jacob John Smalley (Season Two), Donnie Williams (Season Three), Terrell Brittenum (Season Five), Derrell Brittenum (Season Five), Akron Watson (Season Six), and Thomas Daniels (Season Six).

7. Because plaintiffs did not allege that the Season Ten Contestant Agreements were identical or substantially identical to the Contestant Agreements for the other seasons of *American Idol* that plaintiffs participated in, defendants have attached hereto as **Exhibit 2** a true and correct copy of excerpts from a Season Ten Contestant Agreement (Chris Golightly's).

8. The attached excerpts include the provisions that defendants rely on in support of their Motion to Dismiss.  To the extent that the Court desires to review the entirety of these

Contestant Agreements, or review the Contestant Agreement for each of the ten plaintiffs, defendants will supplement their filing to include such additional information.

9. To protect plaintiffs' privacy, plaintiffs' social security numbers, telephone numbers, and addresses have been redacted.

10. Attached hereto as **Exhibit 3** is a true and correct copy of the unverified charges of discrimination for Corey Clark, Chris Golightly, Jaered Andrews, Donnie Williams, Thomas Daniels, Akron Watson, Terrell Brittennum [sic], Ju'Not Joyner, and Derrell Brittenum, filed with the U.S. Equal Employment Opportunity Commission ("EEOC") on March 18, 2013, attaching letters describing the charges, file stamped by the EEOC on January 11, 2013.

Dated: November 25, 2013
New York, NY

By: *Mark W. Robertson*
Mark W. Robertson

O'Melveny & Myers LLP
Attorneys for Defendants