

## O'MELVENY & MYERS LLP

| | | |
|---|---|---|
| BEIJING | 1999 Avenue of the Stars | SAN FRANCISCO |
| BRUSSELS | Los Angeles, California 90067-6035 | SEOUL |
| HONG KONG | | SHANGHAI |
| JAKARTA† | TELEPHONE (310) 553-6700 | SILICON VALLEY |
| LONDON | FACSIMILE (310) 246-6779 | SINGAPORE |
| LOS ANGELES | www.omm.com | TOKYO |
| NEWPORT BEACH | | WASHINGTON, D.C. |
| NEW YORK | | |

December 2, 2013

WRITER'S DIRECT DIAL
(310) 246-6850

The Honorable Naomi Reice Buchwald
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 2270
New York, NY 10007-1312

WRITER'S E-MAIL ADDRESS
dpetrocelli@omm.com

Re:  *Andrews et al. v. FremantleMedia N.A., Inc. et al.*, Case No. 13 CIV 5174

Dear Judge Buchwald:

   We write in response to plaintiffs' November 27 letter requesting leave to file a further amended complaint in lieu of responding to defendants' motion to dismiss.  For the reasons explained below, including that any further amendment would be futile because plaintiffs' claims are barred by the statutes of limitations and the First Amendment, defendants ask the Court to adjudicate their motion to dismiss now.  This will avoid needlessly prolonging the resolution of these dispositive issues.

   Plaintiffs argue that they have a right under Rule 15 to ignore defendants' motion because Rule 15 gives a plaintiff a one-time right to amend an initial pleading.  Only by misstating the procedural history of the case can plaintiffs make that argument.  In truth, plaintiffs have already exercised whatever rights they have under Rule 15:

- On July 24, plaintiffs initiated this lawsuit by fling their complaint.

- Later that day, before their complaint was uploaded to PACER, plaintiffs filed an amended version of the complaint, including a several page introduction and other new allegations.  They failed to properly label that document as an amended complaint or inform the clerk's office that it was an amended complaint.  Plaintiffs admitted this during the October 3 pre-motion conference.  At that point on July 24, plaintiffs had exercised their Rule 15 rights.

- On September 26, defendants submitted a pre-motion letter detailing the deficiencies in the complaint, including that plaintiffs' claims are barred by the applicable statutes of limitations and the First Amendment.  The filing of the letter tolled defendants' time to respond to the complaint.  *See* Individual Practices, Rule 2(B).  Accordingly, plaintiffs err in asserting that defendants did not timely move to dismiss on November 25.

† In association with Tumbuan & Partners

O'MELVENY & MYERS LLP
The Honorable Naomi Reice Buchwald, December 2, 2013 - Page 2

- On October 3, the Court conducted a pre-motion conference and gave plaintiffs 30 days to file an amended complaint (which deadline was extended by seven days at plaintiffs' request). (Docket No. 26.)

- On November 11, plaintiffs filed their amended pleading, which, in addition to other changes, added a new claim for relief. (Docket Nos. 28 & 28-1.) That constituted their Second Amended Complaint, although (again) it was not labeled properly. Plaintiffs labeled it an "abbreviated" complaint, a form of pleading not recognized under the Federal Rules.

- On November 12, without leave of Court, plaintiffs submitted a further amended pleading, making changes to their November 11 complaint. This pleading constitutes their Third Amended Complaint. (Docket No. 30.) Plaintiffs thus have had a full opportunity to address the major legal deficiencies with their claims, as described in defendants' September 26 letter to the Court.

- On November 25, defendants moved to dismiss, directed to plaintiffs' November 12 complaint. (Docket Nos. 31-34.)

Thus, having twice amended without leave of Court (on July 24 and November 12), plaintiffs have already exercised their Rule 15 rights.

Plaintiffs now request leave to file a fourth amended complaint, and force defendants to draft and file another motion to dismiss. Plaintiffs' request would result in a substantial waste of Court and party resources and impose an undue delay on the disposition of their claims. Significantly, the fatal problems with plaintiffs' complaint cannot be cured with a further amendment. Except for Chris Golightly's claims under Counts II and V, which are subject to binding arbitration, all of plaintiffs' claims are time-barred. Further, plaintiffs' Section 1981 and Title VII claims are barred by the First Amendment. Even if the motion does not dispose of the complaint in its entirety—defendants anticipate that it will—it will significantly narrow the case. The Court should adjudicate these matters now, before allowing any further amendment.

For these reasons, defendants request that plaintiffs be ordered to respond to defendants' motion to dismiss pursuant to Local Rule 6.1. Should the Court entertain plaintiffs' application, however, a more equitable briefing schedule should be imposed, as plaintiffs seek in their proposed order to have defendants draft their motion over the Christmas and New Year's holidays.

Respectfully,

Daniel M. Petrocelli
of O'Melveny & Myers LLP
*Attorneys for Defendants*

cc:  James H. Freeman, Esq. (counsel for Plaintiffs)
     Matthew S. Martin, Esq. (co-counsel for D. & T. Brittenum and C. Golightly)
     Steven T. Lowe, Esq. (co-counsel for C. Golightly)