**JHF** | **JHFreeman Law**
James H. Freeman | Attorney-at-Law

3 Columbus Circle, FL 15
New York, NYC 10019-8716
212.931.8535 | Tel
212.496.5870 | Fax

December 5, 2013

**VIA PACER and FAX**

The Honorable Naomi Reice Buchwald
United States District Court for the Southern of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 2270
New York, NY 100007-1312

Re:     *Andrews et al. FremantleMedia, N.A., Inc. et al., Case No. 13-civ-5174*

Dear Judge Buchwald:

I am counsel for Plaintiffs in the above–referenced action and I write in furtherance of my correspondence, dated November 27, 2013 [Docket No. 35] and Defendants' correspondence in response thereto, dated December 2, 2013 [Document No. 36], to address the following matters:

**A)  Logistics re: Defendants' Rule 12(b)(6) Motion**

**1)  Stay of Briefing Schedule**

Plaintiffs respectfully request that the Court **STAY** the briefing schedule on Defendants' motion to dismiss the action [Docket No. 32] until such time as the Court has rendered an opinion confirming Plaintiffs' right to amend the pleading pursuant to Rule 15(a)(1) of the Federal Rules of Civil Procedure.

Plaintiffs attach a revised [Proposed] Order to both correct and extend the date upon which Defendants would need to file their required response to Plaintiffs' *First* Amended Complaint, in light of the holidays.

**2) Extension of Time to File Opposition Papers, If So Required**

If the Court finds that Plaintiffs' right under Rule 15(a)(1) has been extinguished, then Plaintiffs respectfully request a 14-day extension of time for Plaintiffs to file their opposition brief and supporting affidavits to Docket No. 32, which would place the deadline to file opposition papers at December 23, 2013.

**3)  Expansion of Page Limit of Opposition Brief**

If opposition papers are required in response to Docket No. 32, then Plaintiffs respectfully request an additional ten (10) pages to brief the opposition.

**JHF** JAMES H. FREEMAN
ATTORNEY-AT-LAW

December 5, 2013

**B) REPLY TO DEFENDANTS' ARGUMENTS RE: RULE 15(A)(1)**

**1) Plaintiffs' "Unfettered Right" Has <u>Not</u> Been Exercised**

A plain reading of the Federal Rules of Civil Procedure entitle Plaintiffs to amend their pleading as a matter of course. Moore's Federal Practice manual describes this right as being "unfettered." <u>See</u> 3 MOORE'S FEDERAL PRACTICE, § 15.10 (Matthew Bender 3d ed.) ("Rule 15(a)(l) governs amended pleadings as a 'matter of course,' which refers to the unfettered right to one amendment of the pleading without leave of court or consent of opposing parties.")

Plaintiffs filed an Abbreviated Complaint [Document No. 30] as a compulsory act in response to Court Order. Such an act cannot be fairly described as "unfettered." Had Defendants not requested such deviation from the Federal Rules of Civil Procedure in the first instance, then we could have avoided the confusion.

**2) There are Only <u>Two</u> Complaints on File: Document No. 1 and No. 30**

Defendants' false description of Document No. 30 as a "Third Amended Complaint" is disingenuous. There are only two complaints in this action that were filed and served. The original complaint, dated July 24, 2013 [Document No. 1] and the abbreviated complaint, filed November 12, 2013 [Document No. 30].

As to Document No. 1, any discrepancy as to what was filed on paper and what was filed electronically 24 hours later is entirely immaterial. Moreover, the addition of a non-numbered introduction does not qualify as an amended pleading under Rule 15(a)(1), which entitles Plaintiff to amend their pleading as a matter of course <u>after</u> it has been served. FED. R. CIV. P. 15(a)(1).

As to Document No. 30, Defendants have overlooked the fact that a pleading must be filed with the Clerk of Court by means of *hard copy*. <u>See</u> S.D.N.Y. ECF Rule 18.3. The deadline to file the abbreviated complaint was set as November 11, 2013, which was a federal holiday. I therefore had to file papers at 500 Pearl Street on November 12. The document transmitted to Defendants on November 11 via e-mail and the document filed with the Court on November 12 are <u>identical</u>. Any discrepancy found between the two (which Defendants have failed to identify) could only be described as *de minimus* and typographical in nature.

**3) Defendants *Consented* to the Addition of the Title VII Claim [Count VII]**

Defendants were on notice from even before their appearance in this action that the complaint filed on July 24, 2013 would need to be amended to add a claim under Title VII. From the very first conversation I had with Dan Petrocelli, Defendants' lead counsel, it was understood that the EEOC had issued Right to Sue Letters in August 2013 and that the complaint would need to be amended within 90 days to add the Title VII claims. Defendants acknowledged this fact during the October 3, 2013 teleconference with the Court.

**JHF** JAMES H. FREEMAN
ATTORNEY-AT-LAW

December 5, 2013

It appears now that Defendants are attempting to use the addition of Count VII to compel forfeiture of Plaintiffs' right to amend under Rule 15(a)(1). This is clearly improper and given that Defendants were on notice of the Right to Sue Letters from the EEOC, they cannot rely on Count VII to gut Plaintiffs of their opportunity to amend as of right without leave of court OR *consent of opposing parties.*

**4) Plaintiffs Have Had <u>NO Opportunity</u> to Correct Pleading Defects**

It is undisputed that the purpose of Rule 15(a)(1) is to afford Plaintiffs the opportunity to correct any defects in its pleading (or to withdraw claims) *in response* to Defendants' pre-answer Rule 12 motion or answer.[1] This was the rule with respect to pre-answer Rule 12 motions even before the 2009 Amendment. Defendants' sophisticated counsel should be aware of this rule and should not be accorded special privileges to forego the process. Moreover, their insistence that the Court order Plaintiffs to file an opposition brief to Document No. 32 smacks of desperation.

Defendants' three-page letter to the Court, dated September 26, 2013, was <u>not</u> a Rule 12 motion, nor was it an answer. By no means did Defendants' three-page letter help educate Plaintiffs as to any defects in their original pleading. Therefore, the ONLY purported "defect" that Plaintiffs have had an opportunity to "correct" is the <u>length of the original complaint</u>, which Plaintiffs did NOT regard as a defect at all. In the post-*Twombly* era of pleading, the entire procedural gamut of the American civil justice system – including disposition of core disputed material facts - has been subsumed into "shotgun" pre-answer Rule 12 motions, as illustrated here.[2] Until this *unjust* pleading standard is modified, Defendants should not be heard to complain about detailed recitations of facts set forth in the initiating documents.

Sincerely,

*James H. Freeman*

James H. Freeman, Esq.


c.c  Matt Martin, Esq.
     Steve Lowe, Esq.
     Daniel Petrocelli, Esq.

---

[1] See 3 MOORE'S FEDERAL PRACTICE, § 15.10 (Matthew Bender 3d ed.) ("Defects in a pleading, however, may be pointed out through either an answer or a Rule 12 motion, and there is no apparent justification for the rule that the particular method chosen by the defendant should affect the ***pleader's opportunity to potentially cure those defects through amendment as a matter of course***.")

[2] For example, Defendants' Rule 12(b)(6) motion on the material element of "intent" would be unthinkable under the classic pleading standard. See Sparrow v. United Air Lines, Inc., 2 16 F.3d 1111, 1113-1115 (D.C. Cir. 2000) (because complaint need not state facts that make out *prima facie* case, but only those that provide notice of claim, racial discrimination complaint is sufficient when it merely states **"I was turned down for a job because of my race"**) cited by Moore's Federal Pamphlet § 8.4[2], p. 124.