

## O'MELVENY & MYERS LLP

| | | |
|---|---|---|
| BEIJING | 1999 Avenue of the Stars | SAN FRANCISCO |
| BRUSSELS | Los Angeles, California  90067-6035 | SEOUL |
| HONG KONG | | SHANGHAI |
| JAKARTA† | TELEPHONE  (310) 553-6700 | SILICON VALLEY |
| LONDON | FACSIMILE  (310) 246-6779 | SINGAPORE |
| LOS ANGELES | www.omm.com | TOKYO |
| NEWPORT BEACH | | WASHINGTON, D.C. |
| NEW YORK | | |

WRITER'S DIRECT DIAL
(310) 246-6850

December 20, 2013

WRITER'S E-MAIL ADDRESS
dpetrocelli@omm.com

The Honorable Naomi Reice Buchwald
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 2270
New York, NY 10007-1312

          Re:  *Andrews et al. v. FremantleMedia N.A., Inc. et al.*, **Case No. 13 CIV 5174**

Dear Judge Buchwald:

      This responds to plaintiffs' December 17 request for leave to amend their November 12 complaint.  Plaintiffs state that this Court invited them to move for leave to amend.  That is incorrect.  As the Court's December 6 letter explicitly states, plaintiffs were requested to respond to the Court's preliminary views set forth in that letter.  Our letters of December 2 and 6 addressed plaintiffs' prior Rule 15(a) argument, which defendants will not repeat here.  The Court should deny both requests.

      Plaintiffs contend that a fourth amended complaint would not be futile despite defendants' statute of limitations and First Amendment defenses.  Plaintiffs are wrong.

      As an initial matter, defendants did not concede, as plaintiffs assert, that the discovery rule applies to plaintiffs' Section 1981 and Title VII claims.  *See* Docket No. 32 at 6 (arguing that the discovery rule would not save plaintiffs' claims "even if the discovery rule applied").  Rather, the Court need not reach the issue of the applicability of the discovery rule because, even assuming it applied, it would have no impact.  Where, as here, a claim is based on allegations of discrete conduct, such as refusal to hire or termination, the cause of action accrues at the time of that act.[1]  *See, e.g., Lukovsky v. City and Cnty. of San Francisco*, 535 F.3d 1044, 1048-50 (9th Cir. 2008) (rejecting argument that Section 1981 and Section 1985 claims "did not accrue until [plaintiffs] knew both that they were not being hired *and* of the Defendants' alleged discriminatory intent," and noting the Third, Fourth, Fifth, Sixth, Seventh, Eighth, and Tenth Circuits all follow this same rule) (emphasis in original); *Morris v. Broadridge Fin. Servs.*, 2010 U.S. Dist. LEXIS 132708, at *6 (E.D.N.Y. Dec. 14, 2010) (rejecting plaintiff's argument that the limitations period did not begin to run until "he realize[d] both the injury and the discriminatory animus that caused it").  Plaintiffs' authorities are inapposite as neither is an employment case

---

[1] Defendants do not concede that plaintiffs were employees or employee applicants but assume, as they must, for purposes of the motion that plaintiffs were employees or employee applicants of American Idol Productions as plaintiffs allege.  *See* Docket No. 32 at 4 n.7.

† In association with Tumbuan & Partners

O'MELVENY & MYERS LLP
The Honorable Naomi Reice Buchwald – December 20, 2013 – Page 2

nor involved discrete adverse acts. *See Gabelli v. SEC*, 133 S. Ct. 1216, 1224 (2013) (holding that the discovery rule does not apply to a governmental enforcement action for civil penalties); *Thompson v. Metro. Life Ins. Co.*, 149 F. Supp. 2d 38, 40-41, 42 (S.D.N.Y. 2001) (claims involving allegations that defendant insurer had, between the late 1880s and the 1970s, "employed a variety of tactics to steer African American policyholders into [ ] substandard policies").

Further, it is unclear what other "legal theories" plaintiffs believe they have pled that could save their untimely claims. But, without agreeing that plaintiffs have in fact pled any theory other than the discovery rule, defendants are not aware of any legal doctrine that would have any impact here. For example, neither equitable tolling nor the continuing violation doctrine would make plaintiffs' claims timely. *See, e.g., Syrkin v. State Univ. of N.Y.*, 2005 U.S. Dist. LEXIS 21710, at *25-26 (E.D.N.Y. Sept. 29, 2005) (noting that courts in the Second Circuit have refused to equitably toll statutes of limitations where "the claimant contends that he or she discovered the alleged discriminatory motive for the employer's act years later, based upon the employer's treatment of other employees") (internal quotations and citations omitted); *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114 (2002) ("Discrete acts such as termination, failure to promote, denial of transfer, or refusal to hire are easy to identify. Each incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable 'unlawful employment practice.' Morgan can only file a charge to cover discrete acts that 'occurred' within the appropriate time period.").

Separately, defendants' invocation of the First Amendment is not a "naked admission of liability" nor is it a "preposterous defense." This rhetoric aside, plaintiffs do nothing to refute the dispositive authority cited in defendants' motion to dismiss, nor could they. *See, e.g., Claybrooks v. Am. Broad. Cos., Inc.*, 898 F. Supp. 2d 986 (M.D. Tenn. 2012). Instead, plaintiffs argue that they are entitled to an inference of discrimination based on statistical "evidence" which is not only absent from their pleading but also irrelevant to the First Amendment defense.

For these reasons, and those explained in defendants' December 2 and 6 letters, defendants request that plaintiffs be ordered to respond to defendants' motion pursuant to Local Rule 6.1. Should the Court grants plaintiffs' request to file yet another amended pleading, defendants respectfully request that the Court issue an order providing that no further amendment will be permitted.

Respectfully,

Daniel M. Petrocelli
of O'MELVENY & MYERS LLP
*Attorneys for Defendants*

cc: James H. Freeman, Esq. (counsel for plaintiffs)
Matthew S. Martin, Esq. (co-counsel for D. & T. Brittenum and C. Clark)
Steven T. Lowe, Esq. (co-counsel for C. Golightly)