

December

2002

CDC_000181



CDC_000182

DEC-05-2002 THU 03:23 PM AMERICAN IDOL          FAX NO. 3238768050          P. 01



**American Idol Productions, INC.**
7800 Beverly Blvd. STE 2202
Los Angeles, CA 90036
Phone:  (323) 575-8000
Fax:       (323) 575-8050

---

## FAX COVER SHEET

DATE: 12/4/02

TO: Cory Clark                   FAX: 45-857-4623

AT: _____                  PH:: _____

FR: Patrick Lyan                 FAX: 323-575-8030

AT: _____                  PH: _____

TOTAL NUMBER OF PAGES INCLUDING COVER: 25

NOTES: Please return the pages 1-6
of the release Document AFTER you have
Read, initialed & Signed them.
                          Thanks (PC)

CDC_000183



### ********TO ALL PARTICIPANTS*********

CONGRATULATIONS! YOU HAVE MADE IT TO THE NEXT ROUND OF
AUDITIONS, WHICH WILL BE HELD AT:

### THE ALEX THEATER
216 N. BRAND BLVD. GLENDALE, CA 91203

DATES: DECEMBER 10, 11, 12, 13, 2002

**IN ORDER TO PARTICIPATE, YOU WILL NEED TO <u>SIGN AND RETURN</u> (IN
THE ENVELOPE PROVIDED) THE ENTIRE ATTACHED AGREEMENT
BEFORE YOUR TICKET WILL BE ACTIVATED.**

READ AND UNDERSTAND YOUR TRAVEL ITINERARY.

THINGS YOU WILL NEED TO KNOW

WHEN YOU ARRIVE ON MONDAY EVENING, DECEMBER 9 THERE WILL BE
A MEET AND GREET (TIME 9:00PM) IN THE HOTEL BALLROOM FOR ALL
CONTESTANTS (AND LEGAL GUARDIANS IF YOU ARE UNDER 18).

YOU SHOULD BE DRESSED AND READY FOR CAMERA AT ALL TIMES.

TRANSPORTATION WILL BE PROVIDED TO AND FROM THE HOTEL.

DURING YOUR TIME WITH US, BREAKFAST AND LUNCH WILL BE
PROVIDED. YOU WILL BE ON YOUR OWN FOR DINNER AND ANY OTHER
MEALS YOU MAY WANT.

THINGS YOU WILL NEED TO BRING:

- FIVE DIFFERENT OUTFITS TO PERFORM IN
- PORTABLE CD PLAYER
- HAND HELD TAPE RECORDER (TO LISTEN TO YOURSELF SING)
- SPENDING MONEY
- THE SONG LIST (THE ONE ENCLOSED IN THIS PACKAGE)
- A **<u>READABLE COPY</u>** OF YOUR PHOTO I.D. (DRIVER'S LICENSE, **OR**
  PASSPORT **OR** BIRTH CERTIFICATE AND PHOTO ID)

7800 Beverly Blvd, Suite 2202 Los Angeles, CA 90036
Phone: (323) 575-8000

CDC_000184

DEC-05-2002 THU 03:24 PM AMERICAN IDOL          FAX NO. 3238759050          P. 03

SALES PERSON: HS                ITINERARY              DATE: 21 NOV 02
CUSTOMER NBR: 004728                    GPTGUC        PAGE: 02

    TO: PLEASE MAKE SURE ALL INFORMATION IS CORRECT.
    AMERICAN IDOL PRODUCTIONS INC.
    7680 BEVERLY BLVD SUITE 2202
    LOS ANGELES CA 90036

FOR: CLARK/COREY          REP: FM 800

TRAVEL ARRANGEMENTS PREPARED BY NINA.
DUE TO HEIGHTENED SECURITY PLEASE ARRIVE AT THE AIRPORT
A MINIMUM OF 2 HOURS FOR DOMESTIC FLIGHTS
AND 3 HOURS FOR INTERNATIONAL FLIGHTS
YOU MUST PRESENT A RECEIPT FOR ELECTRONIC TICKETS
CARRY ON LUGGAGE IS LIMITED TO ONE BAG PLUS ONE
PERSONAL ITEM SUCH AS A LAPTOP OR PURSE
THANK YOU FOR USING BERTELSMANN TRAVEL
AFTER HOURS EMERGENCY TELEPHONE NUMBER
PLEASE CALL 1-800-752-2732
IDENTIFY YOURSELF AS A BMG TRAVELER WITH ID 58R5
DO NOT CALL THIS NUMBER DURING NORMAL BUSINESS HOURS
PLEASE VISIT TRAVELUTION.COM FOR ALL YOUR PERSONAL
AND FAMILY TRAVEL NEEDS AT WWW.TRAVELUTION.COM.
A VALID PHOTO I.D. IS REQUIRED UPON CHECK-IN

CDC_000185

DEC-05-2002 THU 03:24 PM AMERICAN IDOL          FAX NO. 3238758050          P. 04

EASYLINK 60682859001 21NOV02 19:35/19:44 EST
FROM: 49590533 49590533 BMGX UD
      ROSENBLUTH INTERNATIONAL
TO:   3235758050

SALES PERSON: NS              ITINERARY              DATE: 21 NOV 02
CUSTOMER NBR: 204720              GPTGUC          PAGE: 01

        TO: PLEASE MAKE SURE ALL INFORMATION IS CORRECT.
            AMERICAN IDOL PRODUCTIONS INC.
            7800 BEVERLY BLVD SUITE 2202
            LOS ANGELES CA 90036

FOR: CLARK/COREY          REF: FM 000

        THIS IS A NON-REFUNDABLE TICKET AND HAS A PENALTY
        FOR CHANGES PLUS APPLICABLE FARE ADJUSTMENTS.
        ALL CHANGES MUST BE MADE PRIOR TO DEPARTURE DATE
        OR THE TICKET HAS NO VALUE.
09 DEC 02 - MONDAY
    AIR   CONTINENTAL AIRLINES FLT:2936   ECONOMY      SNACK
          NASHVILLE-HOUSTON GEO BUSH OPERATED BY EXPRESSJET AIRLINES INC
          LV NASHVILLE               1115A         EQP: EMBRAER 145 JET
                                                   02HR 03MIN
          AR HOUSTON GEO BUSH        118P          NON-STOP
          ARRIVE: TERMINAL B                       REF: ULHP65
          CLARK/COREY      SEAT-16C
    AIR   CONTINENTAL AIRLINES FLT:889   ECONOMY
          LV HOUSTON GEO BUSH        245P          EQP: BOEING 737-800
          DEPART: TERMINAL C                       03HR 31MIN
          AR LOS ANGELES             416P          NON-STOP
          ARRIVE: TERMINAL 6                       REF: ULHP65
          CLARK/COREY      SEAT-26A

14 DEC 02 - SATURDAY
    AIR   CONTINENTAL AIRLINES FLT:134   ECONOMY     SNACK
          LV LOS ANGELES             920A          EQP: BOEING 737-800
          DEPART: TERMINAL 6                       04HR 24MIN
          AR CLEVELAND               444P          NON-STOP
                                                   REF: ULHP65

          CLARK/COREY      SEAT-29D
    AIR   CONTINENTAL AIRLINES FLT:3035   ECONOMY
          CLEVELAND-NASHVILLE OPERATED BY EXPRESSJET AIRLINES INC
          LV CLEVELAND               525P          EQP: EMBRAER 145 JET
                                                   01HR 31MIN
          AR NASHVILLE               556P          NON-STOP
                                                   REF: ULHP65
          CLARK/COREY      SEAT-19A

30 JUL 03 - WEDNESDAY
    OTHER LOS ANGELES
          THANK YOU FOR USING BERTELSMAN TRAVEL

                        CONTINUED ON PAGE 2

CDC_000186

# *American Idol*
# CONTESTANT AGREEMENT

-------------------

## *Corey Clark*

-----------------------------------

# (signed) December 6, 2002

-----------------------------------

<u>To</u>: Corey Clark

<u>From</u>:  Amanda Chacon

<u>Sent</u>: January 25, 2006

<u>Original Send Date</u>: December 5, 2002 Via Fax from AIP to Clark

-----------------------

# START

**AMERICAN IDOL PRODUCTIONS, INC.**
2700 Colorado Avenue, 4th Floor
Santa Monica, California 90404
(310) 255-4700 phone
(310) 255-4830 fax

January 25, 2006

**VIA FEDERAL EXPRESS**

Mr. Corey Clark
11476 Miranda Street, #115
North Hollywood, California 91601-1674

Dear Corey:

As you requested, enclosed is a signed copy of the Contestant Agreement and Release
(the "Agreement") between you and American Idol Productions, Inc., along with
Amendments No. 1 and 2 to the Agreement, in connection with your participation in the
second season of "AMERICAN IDOL." You should be aware that your obligation to
keep the terms of the Agreement strictly confidential (see paragraph G.2 of the
Agreement) is still in effect.

Sincerely,

Amanda Chacon
Executive Director
Business & Legal Affairs

CDC_000188

DEC 03 2002 THU 03:28 PM AMERICAN IDOL              FAX NO. 3238758050              P. 06

*Corey clark*
*# 8999*

## "AMERICAN IDOL"
## CONTESTANT AGREEMENT AND RELEASE

I hereby acknowledge that I have voluntarily agreed to participate as a contestant in the television series currently entitled "American Idol" (the "Series"). In consideration of and as an inducement to American Idol Productions, Inc. ("Producer") entering into this Contestant Agreement and Release (the "Agreement") and further considering me as a contestant on the Series, I am making the representations, warranties, disclosures, covenants and agreements described below. If any representation, warranty or disclosure made by me is found to be false, or if I otherwise fail to abide by any term or condition of this Agreement or any other agreement or release entered into by me in connection with the Series, Producer may remove me from the Series and/or withhold from me any prize(s) which I would otherwise have won or received (including, but not limited to, invalidating any agreements entered into by me in connection with the Series, at Producer's sole discretion), and I shall return to Producer any prize(s) already delivered to me. In addition, in the event Producer arranged for any travel accommodations on my behalf, or provided me with any living expenses, I agree to refund to Producer the value of such travel accommodations and/or living expenses provided to me in connection with the Series immediately upon demand by Producer. Producer may make any explanation or announcement, on-air or otherwise, that Producer or the network broadcasting the Series (the "Network") may choose as to the reason why I was disqualified from the Series. Producer requires me to enter into this Agreement in order to be considered as a contestant on the Series, and I deem it to be in my best interest to enter into this Agreement.

**ACCORDINGLY, PRODUCER AND I AGREE AS FOLLOWS:**

### SECTION A.
### DISCLOSURES AND ACKNOWLEDGEMENTS

1. **Nature of the Series; Availability.** I understand and acknowledge that the principal nature and purpose of the Series is to produce a television program in which a competition will be conducted (the "Competition") to search for and select a music recording artist. If I am selected by Producer to be a contestant on the Series, I agree to be available to participate as a contestant in connection with the production of the Series in Los Angeles, California, as and to the extent required by the Producer, commencing on a date to be determined by Producer and continuing until the completion of my participation on the Series as required by Producer. I further agree to be available and to participate as, when and where Producer may require in connection with publicity, interviews, promotional appearances on behalf of sponsors and similar matters (for example, to appear on news shows, talk shows and other programs, including other Network programs, and to make other appearances as required by Producer) in connection with the Series, or otherwise, as, when and where designated by Producer in its sole discretion.

2. **Travel and Living Accommodations.** I understand and agree that Producer will make arrangements for me to travel in connection with the Series and I will be available to travel as may be required by Producer. I understand that Producer will provide me with hotel or other accommodations in Los Angeles (which may consist of a shared room with other contestants in the Series, with the exception of minors, who will share a room with their parent or legal guardian), at Producer's expense, which accommodations will include room and tax only. I will be responsible for any incidental expenses in connection with such accommodations (including but not limited to phone charges, room service, cable TV charges, etc.) and any deposits required by the hotel in connection with such incidentals. (It is currently anticipated that the deposit required by the hotel will be a minimum of $50.00, which may be paid by cash or credit card.) Producer will provide me with ground transportation to and from the hotel and the airport in Los Angeles and to all Series production sites. I understand and acknowledge that I will be responsible for all other living expenses I incur during my stay in Los Angeles, including but not limited to food, transportation (other than transportation involved with the Series) and other incidental personal expenses. If required by Producer, I agree to complete any training course or courses in connection with my preparation for or participation in the Series.

release la.session2.3.doc                         1

CDC_000189

3. **Knowledge of and Agreement to Comply with All Rules, Directions and Instructions.** I have voluntarily agreed to participate as a contestant in the Series. I agree to follow all of Producer's rules, directions and instructions in all matters relating to the Series (including contestant selection and decisions regarding the creation and implementation of terms, conditions and rules governing the Series). I further acknowledge and agree that all Series rules are subject to change by Producer, in Producer's sole discretion, at any time including, without limitation, while I am participating as a contestant on the Series and that Producer's decision(s) on all discretionary matters (including contestant selection, song selection, the amount of exposure each Contestant may or may not receive on the Series, and the manner in which the Series is produced) shall be final and binding. In addition, if any activity on the Series is halted for any reason, I shall abide by Producer's decision regarding the resumption of the activity and the disposition of any prize(s). I understand that Producer reserves the right, in its sole discretion, to change, add to, delete from, modify or amend the terms, conditions and rules affecting the conduct of the contestants on the Series, the Series activities, the elimination of contestants from the Series and the granting of any prize(s). Any actual or alleged consequences of my following such rules, directions and instructions shall be included within the matters released and indemnified by this Agreement. I agree to accept the decision of the Producer on each and every aspect of the Series as final and I hereby acknowledge that the interests of the Series shall override those of any participant in the Series.

4. **Telephone Voting System.** Although Producer will use best efforts to ensure the integrity of the telephone voting system, I acknowledge that problems may occur. In the event of any problems with the telephone voting system used to determine the advancement of the contestants in the Competition and the selection of the ultimate winner of the Competition, which problems may include the partial or total failure of the system or the misuse of the system by callers or others, Producer shall have the right to determine the advancement of contestants and/or the selection of the winner of the Competition in its sole discretion. I agree to accept the decision of Producer in all such matters as final and binding.

INITIAL HERE *C.C*

5. **Non-Infringement of Rights.** In connection with my participation in the Series, I shall not infringe upon or violate the rights of any other person or entity (including without limitation any other contestants, the host, co-host, judges and/or special correspondents). I shall not cause injury or harm to any other participant in the Series, including but not limited to, other contestants, the host, co-host, judges and/or special correspondent(s) and will abide by all contestant rules of conduct, all U.S. laws and all applicable local laws.

**SECTION B.**
**GRANT OF RIGHTS**

For good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, with full knowledge, I hereby grant to Producer the following exclusive, perpetual and irrevocable rights:

1. **Name, Likeness, etc.; Promotional Activities.** I hereby consent to Producer's filming, taping and/or recording of me for use in and in connection with the Series (including, without limitation, whether I am aware or unaware of the photographing, videotaping, filming or recording of same, and by requiring me to wear a microphone at all reasonable times, at Producer's discretion) and agree to cooperate fully with Producer in such activities. I acknowledge and agree that Producer will be the sole and exclusive owner of all rights and material filmed, taped, and/or recorded pursuant to this Agreement. In addition, I hereby grant to Producer the unconditional right throughout the universe in perpetuity to use, simulate or portray (and to authorize others to do so) or to refrain from using, simulating or portraying, my name, likeness (whether photographic or otherwise), voice, singing voice, personality, personal identification or personal experiences, my life story, biographical data, incidents, situations and events which heretofore occurred or hereafter occur, including without limitation the right to use, or to authorize others to use any of the foregoing in or in connection with the Series (or any episode or portion thereof) and the advertising, promoting or publicizing of the Series or any Series episode by Producer, the Network, its operations, activities or programming services and in connection with any merchandise (including, but not limited to, slot machines, tie-in, sponsor, product, or service of any kind by Producer, the Network, or any of its programming services, and in any other manner whatsoever as Producer may elect in its sole discretion (including, but not limited

rchtxt.la.season2.1.doc                    2

CDC_000190

DEC-05-2002 THU 03:21 PM AMERIQHN IDOL          FAX NO. 3238158050          P. 08

to, exploitation on the Internet, wireless Internet and SMS messaging). I understand that, in and in connection with the Series, I may reveal and/or relate, and other parties (including, without limitation, other contestants, the judges, Producer and the host, co-host and/or special correspondent(s) of the Series) may reveal and/or relate information about me of a personal, private, intimate, surprising, defamatory, disparaging, embarrassing or unfavorable nature, that may be factual and/or fictional. I further understand that my appearance, depiction and/or portrayal in the Series and my actions and the actions of others displayed in the Series, may be disparaging, defamatory, embarrassing or of an otherwise unfavorable nature and may expose me to public ridicule, humiliation or condemnation. I acknowledge and agree that Producer shall have the right to (a) include any such information and any such appearance, depiction, portrayal, actions and statements in the Series as edited by Producer in its sole discretion, (b) broadcast and otherwise exploit the Series containing any such information and any such appearance, depiction, portrayal, actions or statements, and (c) use such information, appearance, depiction, portrayal, actions and/or statements in any manner whatsoever, as Producer may elect in its sole discretion. The waivers, release and indemnities in this Agreement expressly apply to the use and/or exploitation of any such information and any such appearance, depiction, portrayal, actions and/or statements.

2.  **Distribution, Exhibition, Broadcast, Etc. of the Series.** I hereby grant to Producer the unconditional and irrevocable right throughout the universe in perpetuity to distribute, exhibit, advertise, promote and otherwise use (by any and all means and media, whether now known or hereafter devised, including, but not limited to, the Internet, wireless Internet and SMS messaging) the Series and/or any Series episode or any portion thereof including, without limitation, audition and interview footage, outtakes, behind-the-scenes footage and/or footage not used in any episode of the Series.

3.  **Granted Rights.** All rights which I have granted hereunder shall be referred to in this Agreement collectively as the "Granted Rights." It is further understood and agreed that the Granted Rights may be used throughout the universe in perpetuity in any manner and by any means, whether now known or hereafter devised, and either factually or with such portrayal, impersonation, simulation, imitation or other modification, in whole or in part, as Producer, its licensees, successors, and assigns, may determine in their sole unfettered discretion. Producer may freely assign any and all of the Granted Rights. Notwithstanding the foregoing, I agree and acknowledge that neither Producer nor the Network shall have the obligation to exploit any of the Granted Rights (the exploitation of such rights shall be in Producer's and/or Network's sole and absolute discretion).

4.  **Contestant Photographs, Film, Audio and Video Recordings.** I understand and agree that during my participation in the production of the Series I shall not, under any circumstances, shoot or take any photographs, film, digital images, audio and/or video recordings without obtaining Producer's prior written approval. If I have previously developed any film, digital images, audio and/or video recordings taken during my participation in the production of the Series, I shall provide Producer with all of such exposed film (negatives and prints), digital images and audio and/or video recordings for Producer's and/or the Network's use in the Series, the advertising and promotion of the Series and any and all ancillary uses of the Series (for example, books, calendars, videos, CD-ROM and exploitation on the Internet, via wireless Internet and via SMS messaging). Producer and the Network shall be entitled to retain possession of the exposed film (negatives and prints), digital images and audio and/or video recordings and shall be deemed to be the copyright owner thereof. I understand and agree that no additional compensation, payments, residuals, reuse fees or otherwise shall be made to me with respect to Producer's and/or the Network's use of such exposed film (negatives and prints), digital images or audio and/or video recordings.

5.  **Ownership of Rights.** Without limiting the foregoing, I acknowledge and agree that all of the results and proceeds of my granting of rights hereunder (collectively, the "Materials") including, without limitation, all artistic, literary, dramatic, musical, photographic (still or moving, taken during the Series auditions, preparation, training or production period) and other materials which I may create or furnish hereunder, are being specially commissioned by Producer as a contribution to an audiovisual work and, accordingly, the copyright (and all renewals and extensions thereof) and all other proprietary rights, title and interest in such Materials shall be owned by Producer as the author of such Materials, which shall be considered "works-made-for-hire," pursuant to the United States Copyright Act. If any of such Materials are not deemed "works-made-for-hire," I hereby assign to Producer the entire copyright and all other rights in and to such Materials (and where any such Materials are not in existence at the date hereof, by way of present assignment of future copyright),

CDC_000191

throughout the universe for the full period of copyright and all renewals and extensions thereof, and thereafter for the maximum period permitted by law. Without limiting the foregoing, Producer shall have the exclusive right to copy, reproduce, change, add to, delete from, translate, distribute, transmit, exhibit, advertise, use and otherwise exploit the Materials or any part thereof, to make or authorize any ancillary use thereof (including, without limitation, the distribution or licensing of the Materials for syndication, commercial and non-commercial publishing, print publication, home video, sound recordings, musical recordings, internet/on-line and merchandising, including but not limited to use in connection with slot machines) and to advertise and promote the foregoing, in perpetuity throughout the universe by any and all means and in any and all media whether now known or hereafter invented or devised (including, without limitation, all forms of television, theatrical, non-theatrical, cassettes, disc, and other home video devices, the Internet and other on line or computer-assisted media and print media) and to authorize others to do any of the foregoing. Producer shall have the right to make any use it desires of any Materials (including, without limitation, the Series and my performance in the Series or the Materials), without the payment of any additional compensation. Notwithstanding the above, if I shall perform or display in the Series any original music, writings, photography (still or moving) or other materials created by me, either alone or with others (the "Original Materials") (other than those set forth in paragraph 4 of this Section B, which shall be the sole property of Producer), it is understood and agreed that I shall continue to have the non-exclusive right to use all of the Original Material, and that I shall continue to own the underlying copyrights in such Original Material, subject to Producer's rights as set forth in this Agreement, which rights shall include but not be limited to a license, at no charge, to use such Original Materials in and in connection with the Series, including but not limited to the right to reproduce, change, add to, delete from, translate, distribute, transmit, exhibit, advertise, use and otherwise exploit the Original Materials or any part thereof, and to make or authorize any ancillary use thereof (including, without limitation, the distribution or licensing of the Original Materials for syndication, commercial and non-commercial publishing, print publication, home video, sound recordings, musical recordings, merchandising, internet/on-line, wireless internet and SMS messaging) and to advertise and promote the foregoing, in perpetuity throughout the universe by any and all means and in any and all media whether now known or hereafter invented or devised (including, without limitation, all forms of television, theatrical, non-theatrical, cassettes, disc, and other home video devices, the Internet, wireless internet, SMS messaging and other on line or computer-assisted media and print media) and to authorize others to do any of the foregoing in connection with the Series or the exploitation thereof, which use shall not entitle me to receive any prizes or additional compensation. All materials that I use in connection with the Series shall be subject to Producer's prior approval. I hereby waive unconditionally and irrevocably the benefit of any provision of law known as "Moral Rights" or similar laws now or hereafter prevailing in any part of the world which might otherwise apply to the Materials and I will not assert any Moral Rights against Producer or the Network, or their respective licensees, successors and assigns. The Materials and all rights therein, including, without limitation, any so-called rental and lending rights pursuant to any European Economic Community ("EEC") directives and/or enabling or implementing legislation, laws or regulations enacted by member nations of the EEC, shall be the sole property of Producer and may be distributed, exhibited, broadcast and otherwise used and/or exploited, in whole or in part, in perpetuity, in any manner and through any media, whether now known or hereafter devised, as Producer may elect. I agree that any telecast or other exploitation of the Materials or any rights therein, whether as part of the Series or otherwise, will not entitle me to receive any prizes or compensation.

## SECTION C.
## EXCLUSIVITY

1. **Amateur Status:** I have not previously and will not from the date of this Agreement until three (3) months following the date on which the Series episode announcing the winner of the Competition is first broadcast (the "Exclusivity Period"), enter into any commercial, contractual, management, agency, sponsorship or other agreement or arrangement with any person, firm or company other than Producer and/or 19 Management Ltd. (or any associated company) with respect to my performing abilities and entertainment career (including but not limited to my singing, songwriting, modeling and/or acting career) or the proceeds thereof or with respect to my name, likeness, voice, image or biography (including but not limited to any talent management agreement, talent agency agreement, recording contract, songwriting contract, modeling contract, acting contract and/or any merchandising contract).

INITIAL HERE _CC_

release to season2.3.doc                                    4

2. **Services Exclusive**: I agree that during the Exclusivity Period, I shall not appear on or authorize production of or participate in any way with any other television programming, radio programming, print media, on-line services, or any other media outlet now known or hereafter devised, or in any commercials or advertisements without Producer's and/or 19 Management Ltd.'s prior written consent.

INITIAL HERE *CC*

3. **Publicity and Promotion**. I agree that for a period commencing on the date of this Agreement and continuing for twelve (12) months following the date on which the Series episode announcing the winner of the Competition is first broadcast, if and when requested by Producer, I shall remain available, subject to existing professional commitments or other commitments, for publicity interviews, publicity photograph sittings, still photographs, on-the-air and other publicity activities and for appearances in one (1) or more special programs in connection with the Series (e.g. a making of the Series, reunion series, etc.).

4. **Future Agreements**: Notwithstanding the other provisions of this Section C, I understand and agree that in the event I am one of the final ten (10) contestants in the Competition, I will be required to enter into the following agreements: (a) an agreement with 19 Recordings Ltd. (or an affiliated company) for my exclusive services as a recording artist; (b) an agreement with 19 Merchandising Ltd. for the use of my name, likeness and biography in connection with advertising, endorsements, merchandising and sponsorship; and (c) an agreement with 19 Management Ltd. for the management of my career as an artist. I understand and agree that, unless I am the individual selected as the winner of the Competition, such agreements shall become fully effective only at the election of 19 Recordings Ltd., 19 Merchandising Ltd., and/or 19 Management Ltd., which election shall be on or before the expiration of the Exclusivity Period. I hereby warrant that as of the date of this Agreement I have not entered into, not will I enter into, any contract or arrangement which might prevent me from entering into the agreements specified in sub-sections (a), (b) and (c) of this Section C.4., and that in the event I do enter into any such contract or arrangement prior to the expiration of the Exclusivity Period, I shall be immediately disqualified from the Competition and the Series.

INITIAL HERE *CC*

5. **"World Idol"**: I acknowledge and agree that, should I win the Competition and subject to my availability at the time of Producer's request, I shall participate in a "World Idol" program where winners/contestants from the "Pop Idol" and/or "American Idol" competition in other countries or other versions of the Series shall compete against each other; and, provided that I appear on the "World Idol" program, I agree to accept a total fee of One Thousand Four Hundred Dollars ($1,400.00) in full and final consideration for my appearance in such program and the grant of all rights in relation thereto on the same terms and conditions set out hereunder. The format of such program shall be at the discretion of Producer. I further acknowledge and agree that, regardless of whether I win the Competition, but subject to my availability under this Agreement, I will participate in any and all of Producer's spin-off program(s), including without limitation any recording, interview, audition, competition, event or activity relating to such spin-off program, provided that Producer shall notify me of such program or activity within twelve (12) months of the date of first broadcast of the last episode of the Series.

6. **Other Services**. I acknowledge and agree that, should I win the Competition, the Producer and/or 19 Management Ltd. (or any associated company) shall be entitled to produce (or license any third party to produce), for no additional consideration to me, whether as a stand-alone program or as part of another program, any or all of the following career milestones which may occur during or subsequent to the recording of the Series: (a) the first performance of my first recorded single; (b) the first showing of the video featuring my first recorded single and/or me as a performer; and (c) my first televised interview and/or appearance on a talk show.

CDC_000193

## SECTION D.
## ACKNOWLEDGMENT AND ASSUMPTION OF RISK

1.  **Supplies and Services Furnished by Producer to Contestants.** I understand that Producer, directly and/or through independent contractors, will provide various services and equipment in connection with the Series and its contestants. These services and equipment may include, but are not limited to: the operation and management of the sites of the Series; air and other travel in connection with the Series; transportation to, from and about the sites of the Series; provision of hotel or other accommodations; provision of food, water and equipment for Series events; training for my participation in the Series; supervision of other activities related to the Series; and medical, psychological and first aid services. I acknowledge that neither Producer nor any contractor or employee providing equipment or services in connection with the Series has made any warranties whatsoever with respect to the equipment or services which they furnish in connection with the Series or which the contestants may otherwise use, and that there are no warranties of any kind from anyone regarding the fitness or suitability of any equipment or services for use for any purpose in connection with the Series. I hereby waive any right I might otherwise have to warnings or instructions regarding any aspect of the Series or the equipment or services utilized in connection therewith.

INITIAL HERE _C C_

2.  **Mental and Physical Stress.** I understand that the conditions surrounding the production of the Series may expose me to severe mental and physical stress, both during and after my participation in the Series. I voluntarily and fully accept and assume these risks and understand and acknowledge that the waivers, releases and indemnities in this Agreement expressly apply to these risks and any and all consequences of these risks.

INITIAL HERE _C C_

3.  **Health Insurance.** I acknowledge that I am responsible, at my sole cost and expense, for maintaining accident and health insurance to cover any bodily injury and/or personal property damage or loss, as well as any insurance to cover my short-term or long-term disability from any injury and any insurance to cover my death in connection with my participation on the Series. In the event I do not have accident and/or health insurance, I agree to immediately notify Producer of such fact in order to obtain information concerning available policies.

INITIAL HERE _C C_

4.  **Right to Withdraw; Forfeiture of Prizes.** I acknowledge that I always have the option to discontinue my participation in the Series and to withdraw as a contestant from the Series at any time (whether because of Producer's disclosures to me or about me or for any other reason). I understand that if I elect to withdraw from the Series, then I can no longer participate in the Series and I will forfeit my chance to receive any prizes or awards or compensation. In addition, I may be required to return to Producer any prize(s) already delivered to me (including, but not limited to, invalidating any recording, talent and/or merchandising agreements entered into by me in connection with the Series, at Producer's sole discretion) and I may be required to reimburse Producer for any travel and/or housing accommodations provided to me in connection with the Series, at Producer's sole discretion. I understand and agree that no such discontinuation or withdrawal will affect any of the rights I have assigned to Producer nor any of my covenants, agreements, waivers, releases or indemnities in this Agreement.

5.  **No Representations or Warranties from Producer.** I acknowledge that Producer has made no representations or warranties of any kind whatsoever to me regarding my qualifications or ability to participate in the Series.

Intense Le_season2.3.doc

6

CDC_000194

DEC-05-2002 THU 03:30 PM AMERICAN IDOL          FAX NO. 3238758050          P. 12

## SECTION E.
## RELEASES, WAIVERS AND INDEMNIFICATIONS

1.  **Definition of "Releasing Parties."**  As used in this Agreement, the term "Releasing Parties" means and refers to each of me, my heirs, next of kin, spouse, guardians, legal representatives, executors, administrators and/or successors.

2.  **Definition of "Released Parties."**  As used in this Agreement, the term "Released Parties" means and refers to each of Producer; FremantleMedia North America, Inc.; the Network; 19 Recordings Ltd., 19 Merchandising Ltd., 19 Management Ltd., 19 TV Ltd. (sometimes referred to herein collectively as the "19 Companies"); AT&T; Telescope; BMG; RCA Records; Arista Records; CBS Entertainment and owners, landlords and/or managers of CBS studios and other production sites; production staff (including the staff psychologist); participating television stations; sponsors of the Series; advertising agencies; corporate sponsors; and the respective parents, subsidiary entities, affiliates, successors and assigns, and the respective directors, officers, employees, agents, contractors, partners, shareholders, attorneys, representatives and members of each of the foregoing entities.

3.  **Waiver of All Claims and Suits; Released Claims.**  I and the other Releasing Parties hereby irrevocably agree that I and the other Releasing Parties will not sue or claim against any of the contestants, judges, host, co-host and/or special correspondent(s) in the Series or the Released Parties for any injury, illness, damage, loss or harm to me or my property, or my death, howsoever caused, resulting or arising out of or in connection with any defect in and/or failure of equipment and/or facilities, including but not limited to, the telephone voting system, set design, warnings or instructions, preparation for, travel and living accommodations in connection with, participation and appearance in, withdrawal or elimination from the Series or any and all activities associated with the Series.  In addition, I and the other Releasing Parties hereby unconditionally and irrevocably release and forever discharge each of the other contestants, the judges, host, co-host and special correspondent(s) of the Series and the Released Parties from and against any and all claims, liens, agreements, contracts, actions, suits, costs, attorneys' fees, damages, judgments, orders and liabilities of whatever kind or nature in law, equity or otherwise, whether now known or unknown, suspected or unsuspected, and whether or not concealed or hidden (collectively, the "Released Claims") arising out of or in connection with my preparation for, travel and living accommodations in connection with, participation and appearance in, and withdrawal or elimination from the Series or activities associated with the Series or the production and exploitation of the Series, including, without limitation, claims for injury, illness, damage, loss or harm to me or my property, or my death. The Released Claims shall include, but not be limited to, those based on negligence or gross negligence of any of the Released Parties, the Series production staff, or any of the other contestants in the Series, the judges, host, co-host or special correspondent(s) of the Series, products liability, breach of contract, breach of any statutory or other duty of care owed under applicable laws, defamation, invasion of privacy, publicity or personality, infringement of copyright, and those based on my possession or use of any prize.  I understand that any travel undertaken by me in connection with my participation in the Series shall be taken at my sole risk.

4.  **Indemnification.**  I and the other Releasing Parties irrevocably agree to defend, indemnify and hold harmless each of the Released Parties from and against any and all Released Claims by whomever asserted, arising out of or in connection with (a) any breach or alleged breach of any agreement, covenant, representation and/or warranty I have made in this Agreement, or (b) my preparation for, travel and living accommodations in connection with, participation and appearance in, and withdrawal or elimination from the Series or the activities associated with the Series, including, without limitation, any injury, illness, damage, loss, harm or death I may suffer therefrom, any action or omission of mine during my participation in or in any manner connected with the Series, and my possession or use of any prize.

5.  **Assumption of Risk of Unknown or Undiscovered Facts, Claims or Defects, and Release of Released Parties.**  I and the other Releasing Parties acknowledge that there is a possibility that after my execution of this Agreement, I or they will discover facts or incur or suffer claims which were unknown or unsuspected at the time this Agreement was executed and which, if known by me or them at that time, may have materially affected my or their decision to execute this Agreement.  I and the other Releasing Parties acknowledge and agree that by reason of this Agreement, and the release contained in the preceding paragraphs, I and the other Releasing Parties are assuming any

release la neavest3.3.doc

7

CDC_000195

FAX NO. 3238768060                                    P. 13

risk of such unknown facts and such unknown and unsuspected claims. I and the other Releasing Parties have been advised of the existence of Section 1542 of the California Civil Code which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR.

Notwithstanding such provisions, this release shall constitute a full release in accordance with its terms. I and the other Releasing Parties knowingly and voluntarily waive the provisions of Section 1542, as well as any other statute, law, or rule of similar effect, and acknowledge and agree that this waiver is an essential and material term of this release and this Agreement, and without such waiver Producer would not have accepted this Agreement or my participation in the Series. I and the other Releasing Parties understand and acknowledge the significance and consequence of this release and of this specific waiver of Section 1542 and other such laws.

### SECTION F.
### REPRESENTATIONS AND WARRANTIES.

I hereby represent and warrant as follows:

1.  **Eligibility.**

    a) I am a legal resident of the United States, 16 to 24 years old as of October 19, 2002. I understand and acknowledge that it will be necessary for me to provide two (2) valid forms or identification showing proof of my age and a picture ID (e.g., a birth certificate and driver's license, passport, etc.) in connection with my participation in the Series. In addition, in the event I am under 18 years of age, and I am not legally emancipated, it will be necessary for my parent or legal guardian to provide a picture ID and proof of their relationship to me (e.g., driver's license or passport and a birth certificate, guardianship papers, school records, etc.).

    b) I have the unrestricted right (other than as may be required under applicable child labor laws), to work in the United States. If I am less than 18 years old on the date I sign this Agreement (unless I have been legally emancipated by a court of law, in which case the following provisions relating to minors shall not apply to me, unless such provisions are required pursuant to applicable laws), I understand and agree that in addition to my own signature on this Agreement and any and all other agreements entered into by me or on my behalf in connection with the Series, it will be necessary to have such agreements signed and acknowledged by my parent or legal guardian and that my parent or legal guardian will be required to accompany me at all times during my participation in the Series. In the event I am under 18 years of age and I have been legally emancipated, I understand that it will be necessary for me to provide my court-approved emancipation documentation in order to participate in the Series and/or enter into any agreements without the approval of my parent and/or legal guardian. In the event I turn 18 years old prior to the expiration of the Exclusivity Period, I agree to re-sign any and all agreements (including, but not limited to, the Audition Agreement and this Agreement) as may be required by Producer.

    c) I represent and warrant that I was given my audition wristband directly from a representative of Producer. I understand that if it is determined that I purchased or otherwise acquired the wristband from someone other than Producer's representative, I will be ineligible for further participation in the Series.

    INITIAL HERE _CC_

    d) I understand that it is anticipated that the winner of the Series will be awarded a talent representation contract, a merchandising contract and a recording contract. I acknowledge and agree that I am not currently represented by a talent agent, talent manager or any other representative in connection with my performing abilities and entertainment career (including but not limited to my singing, songwriting, modeling and/or acting career), nor am I currently a

release.ja.markal.1.doc                                8

CDC_000196

DEC-05-2002 THU 03:32 PM AMERICAN IDOL          FAX NO. 3238758050          P. 14

party to any recording contract (either alone or as part of a musical group), songwriting contract, modeling contract, acting contract, merchandising contract, or any other agreement relating to my entertainment career or with respect to the exploitation of my name, likeness, voice, image or biography which would preclude me from participating in the Series and entering into the agreements which are intended to be awarded to the winner of the Competition. I acknowledge and agree that in the event I enter into a talent representation, agency, or management contract, a merchandising contract, a songwriting contract, a recording contract, a modeling contract, an acting contract, or any other contract relating to my entertainment career with a third party during my participation in the Series, I will be ineligible for participation in the Series and the receipt of any prize(s).

INITIAL HERE _CC_

e)  I understand that I may be chosen as an alternate contestant to replace a previous contestant by Producer, in Producer's sole discretion. If I am chosen as an alternate, I shall remain available to participate in the Series as a contestant if and when chosen by Producer to replace such previous contestant. I understand that if I am selected to be an alternate and am not chosen to replace a contestant, then I do not have any chance to win any prize and no consideration shall be payable to me. I acknowledge and agree that Producer may, at any time and in its sole discretion, add, remove or replace contestants.

f)  I am not, nor is any immediate family member (including unrelated persons living in the same household) an employee, shareholder, officer, director, agent or representative of Producer, Fox Broadcasting Company, FremantleMedia North America, Inc., the 19 Companies, AT&T, Telescope, BMG, RCA Records, Arista Records, CBS Entertainment, production personnel for the Series, participating television stations, advertising agencies, sponsors, or any person or entity connected with the production, administration or judging of the auditions or the Series, or any of their respective parent companies, affiliates, subsidiaries, agents or representatives. To the best of my knowledge, I do not know anyone who is now, or has been in the past two (2) years, an employee, agent or representative of Producer, Fox Broadcasting Company, FremantleMedia North America, Inc., the 19 Companies, AT&T, Telescope, BMG, RCA Records, Arista Records, CBS Entertainment, production personnel for the Series, participating television stations, advertising agencies, sponsors, or any person or entity connected with the production, administration or judging of the auditions or the Series, or any of their respective parent companies, affiliates, subsidiaries, agents or representatives. If the foregoing is not true, please explain (use back of page if necessary):

_____

g)  I was not one of the final thirty (30) contestants on the first season of "American Idol."

h)  I am not a candidate for public office and will not become a candidate before the broadcast of my appearance on the Series, or until one (1) year from the date of this Agreement (whichever is earlier).

i)  If I am professionally trained or have appeared as an entertainer, a description of my training or appearance(s) follows (use back of page if necessary):

_____

j)  I am not currently a member of the American Federation of Television and Radio Artists (AFTRA).

k)  If I am, or have ever been, a member of any performing arts union or guild, I agree that my participation as a Contestant on the Series does not constitute a performance and/or an appearance as defined by any performing arts union or guild nor entitle me to any wages or salary or other similar compensation therefor. In the event my participation as a contestant on the Series is deemed to be a performance and/or appearance, any wages or salary or other similar compensation received by me for such applicable performance and/or appearance shall be applied against any minimum compensation and reuse payable under

CDC_000197

DEC-05-2002 THU 03:32 PM AMERICAN IDOL          FAX NO. 3238758050          P. 15

any collective bargaining agreement. The performing arts unions and/or guilds of which I am or have been a member are listed below:

| Performing Arts Union/Guild | Date(s) of Membership |
|---|---|
|  |  |
|  |  |
|  |  |

l)  I do not currently have any outstanding warrants (e.g., traffic tickets, arrests, etc.) or restraining orders against me, nor have I been reported to any law enforcement agency as a missing person or a runaway. I have never been arrested or convicted of a felony or misdemeanor offense, either as a juvenile or as an adult, except as follows [please list dates and locations of arrest and/or conviction and a brief description of the alleged offense(s)] *(use back of page if necessary)*:

_____

_____

*You should be aware that past arrests and/or convictions are not automatic grounds for disqualification, but such information may be used by Producer to determine your eligibility for the Series.*

m)  I agree to notify the Producer immediately if there are any criminal charges brought against me from the date hereof up to and including the expiration of the Exclusivity Period. In addition, I agree to submit to a background investigation and to complete, sign and return to Producer a background investigation form, to be provided by Producer, upon request.

n)  To the best of my knowledge, I do not have a medical condition that might impact upon my health and well-being or the health and well-being of other contestants or any other persons involved with the production of the Series. If the foregoing is not true, please explain *(use back of page if necessary)*:

_____

_____

2.  **Appearance on Series:**

a)  I hereby acknowledge that the Producer is not under any obligation to record my contribution to the Series or include me in the broadcast version thereof.

b)  I acknowledge that my contribution to the Series is not a professional performance or appearance and does not entitle me to wages, salary or other compensation, except as otherwise set forth herein.

c)  I understand that my appearance on the Series, if any, is strictly for the purpose of participating in the Series as a contestant. Except as specifically provided herein or as otherwise authorized by Producer, I will not myself, nor will I authorize, assist, permit or facilitate others to, publicize, advertise or promote my appearance or participation in the Series (including, but not limited to, promotion on the Internet or otherwise), receive or generate any monetary advance from my participation in or appearance on the Series, or use or disclose to any party any confidential business information or trade secrets obtained or learned as a result of my participation in the Series. Without limiting the foregoing in any way, I will not myself, nor will I authorize others to, prepare or assist in the preparation of any written work, any audio work, and/or any visual work that depicts, concerns, or relates in any way to my participation in or appearance on the Series. I recognize that a breach by me of this paragraph would cause Producer irreparable injury and damage that cannot be reasonably or adequately compensated by damages in an action at law and, therefore, I hereby expressly agree that Producer shall be entitled to injunctive and other equitable relief, without posting any bond, to prevent and/or cure any breach or threatened breach of this paragraph by me. I acknowledge that this paragraph shall survive termination of this Agreement.

INITIAL HERE *CC*

acfacts_in_mason3.5.doc

10

CDC_000198

DEC-05-2002 THU 03:33 PM AMERICAN IDOL          FAX NO. 3258758050          P. 16

d) I will not myself, nor will I authorize, assist, permit or facilitate others to, tamper with the telephone voting system, including but not limited to; "phone slamming" via a computer device. I understand and acknowledge that any tampering with the telephone voting system shall be grounds for immediate disqualification from the Series.

**INITIAL HERE** _CC_

e) If I display or perform in the Series any photographs, published works, and/or other artistic materials, including but not limited to, songs which are not registered with a performance rights society (for example, ASCAP, SESAC or BMI) then I will have obtained all of the rights, clearances and releases necessary for Producer and the Network to exploit said materials on or in connection with the Series and the exploitation thereof and that all such photographs, published works and/or other artistic materials shall meet nationwide public standards of decency and shall not be deemed inappropriate by a reasonable person. I hereby indemnify and hold harmless Producer and the Network as to the provisions of this paragraph.

f) I will not bring any illegal drugs, prescription medications for which I do not have a valid prescription, weapons or other illicit items to the Series premises, including hotels or other housing, transportation, etc. I will not engage in any illegal activities on the Series premises, including hotels or other housing, transportation, etc. I will not use, consume or partake in any illegal drug usage or activity during the Series production period whether on the Series premises or elsewhere.

g) I will conduct myself at all times during the term of this Agreement in a manner which will not be deemed embarrassing or detrimental to the Series, Producer, other contestants, the parents or legal guardians of other contestants, the Network, the judges, host, co-host and/or special correspondent(s) or any other companies or individuals connected with the Series.

h) I understand and agree that I am prohibited from displaying any tattoos or wearing any apparel, including, but not limited to shirts, pants, shorts, and hats, that contain any recognizable logos unless Producer has specifically provided such apparel to me.

i) I shall not make any mention or "plug" of any commercial product, service, venture or thing on the Series, including the name of my employer. I hereby acknowledge that neither I nor anyone acting on my behalf is giving or receiving any monies, or other valuable consideration to get me on the Series or mention anything on the Series. I am aware that payment or acceptance of, or agreement to pay or accept, any money or valuable consideration for the appearance of any person or the mention of any thing on the Series without disclosure to the broadcaster prior to broadcast is a federal offense punishable by fine and/or imprisonment. I agree that if anyone tries to induce me to accept any such payment, I shall immediately notify the Producer as provided in Section F.2.(i).

j) I am aware that it is a federal offense punishable by fine and/or imprisonment for anyone to do anything which would rig or in any way influence the outcome of the Series with the intent to deceive the viewing public, including but not limited to, tampering with the telephone voting system, and that it is a federal offense to offer or to accept any information or secret assistance in connection with the Series. I agree that I will not participate in any such act or any other deceptive or dishonest act with respect to the Series. If anyone tries to induce me to do any such act, I shall immediately notify the Producer as provided in Section F.2.(i).

k) I understand and agree that the selection of contestants is and shall be within Producer's sole discretion and that Producer is not obligated to select me. I further understand and agree that Producer's inviting me to Los Angeles, California and/or the studio does not guarantee my appearance or participation as a contestant. If I am selected, and if I appear on the Series or any part thereof, Producer is under no obligation to broadcast or otherwise use or exploit my appearance on the Series or any part thereof.

l) If I have noticed or do notice any irregularity or impropriety in contestant selection, briefing, judging, taping or voting in connection with the Series, I agree to inform the Producer at (310) 255-4700 and Fox Network's Standards and Practices department at (310) 369-7229 of such concern on tape day or as soon as it occurs. Producer will undertake to investigate such complaints, as appropriate.

**INITIAL HERE** _CC_

release as version 1.1.doc                                    11

CDC_000199

3. **Miscellaneous.**

a) I have full right, power and authority to enter into and fully perform this Agreement.

b) I have not entered into any other agreement, and I have not done and will not do any act or thing which in any way prevents, hampers, conflicts or interferes with the full and complete performance of my obligations to Producer or any rights which I have granted hereunder.

c) No other party, or any agent or attorney of any other party, has made any promise, representation or warranty whatsoever, express or implied, not contained herein concerning the subject matter hereof, to induce me to execute this document, and I acknowledge that I have not executed this instrument in reliance on any such promise, representation, or warranty not contained herein.

d) Except with respect to materials which Producer furnished to me, no Materials or any use thereof by Producer, the Network, or their licensees, successors or assigns, will violate or infringe upon the trademark, trade name, copyright, right of privacy or publicity, property rights of any other right of any party nor constitute unfair competition, defamation, libel or breach of contract.

e) I will cooperate with Producer and will take steps which Producer reasonably requests to evidence or protect Producer's rights hereunder. I agree to execute such further documents and instruments and do any acts or deeds as Producer and/or the Network may reasonably request in order to effectuate this Agreement or otherwise required to evidence or protect Producer's or the Network's rights hereunder. If I fail or am unable promptly to execute any such documents or instruments, I hereby irrevocably appoint each of Producer and the Network as my attorney-in-fact to execute and file any such documents or instruments or do any such acts or deeds, provided that said documents, instruments, acts, and deeds shall not be inconsistent with the terms and conditions of this Agreement. I agree that Producer's and the Network's rights under this section constitute a power coupled with an interest and are irrevocable.

f) I represent and warrant that I have disclosed to Producer any and all of my known medical conditions which might impact upon my health and well-being, or the health and well-being of any of the contestants, Series production staff and other persons residing at the Series premises (if any), and employees and executives of Producer and the Network. 

**INITIAL HERE** _CC_

g) I hereby warrant that I have truthfully and accurately completed all forms relating to the Series, that I have not withheld any information requested of me and that by signing this Agreement and supplying the answers and information requested of me by Producer, Network and/or the 19 Companies, I have in no way been misleading or untruthful. Furthermore, I acknowledge that Producer reserves the right exercisable at any time at its sole discretion to disqualify me from the Competition should I at any stage omit to supply any information reasonably requested of me, supply untruthful, inaccurate or misleading personal details or information, break the rules or otherwise be in breach of the terms contained herein or for any other reason at the sole discretion of Producer.

h) I agree to inform the Producer immediately if any of the information I give becomes incorrect due to any change of circumstances between the date hereof and the date of expiration of the Exclusivity Period.

**SECTION G.**
**GENERAL PROVISIONS**

1. **Producer's Right to Suspend or Terminate This Agreement:** Producer shall have the right to terminate this Agreement if Producer determines, in Producer's sole and absolute discretion, that Producer desires to terminate my participation in connection with the Series, or if the Series is canceled or the Series format is materially altered. In addition, in the event of an occurrence of an event of force majeure (as defined below) which lasts for more than fourteen (14) days or of my incapacity (including physical or mental disability, default, or conviction of a misdemeanor or felor

releaseLAseason2.2.doc

12

CDC_000200

which, because of the particular facts and nature of the conviction would, in Producer's reasonable judgment, adversely affect my ability to represent Producer and the Network properly or to participate hereunder, Producer shall have the right, in its sole discretion, upon notice to me, immediately to suspend and/or terminate my participation hereunder and shall, during such period of suspension or, upon termination, be released from any further obligations to me whatsoever. Producer may terminate any period of suspension at any time in Producer's sole discretion and I shall thereupon resume my participation hereunder. As used herein, an "event of force majeure" shall mean any act of God, inevitable accident, fire, lockout, strike or other labor dispute, riot or civil commotion, act of public enemy, law, enactment, regulation, rule, order or act of government or governmental instrumentality (either federal, state or local, foreign or other), failure of technical facilities, failure of the telephone voting system, or other cause of similar or different nature beyond Producer's control which materially interferes with, prevents, or impedes production of the Series or Producer's or the Network's operations. Any potentially illegal behavior or activity including, but not limited to, drug use, domestic violence or assault, during and after the period that this Agreement is in effect may result in immediate termination.

2. **Confidentiality/Disclosure:** Any and all information disclosed to or obtained by me concerning or relating to the Series, the contestants, the events contained in the Series, the outcome of the Series and/or the Competition, Producer, the Network and the terms and conditions of this Agreement shall be strictly confidential. I agree that I shall NOT disclose to any third party any information to which I have had or will have access concerning any aspect of the Series, including the judges, host, co-host, special correspondent(s), the other contestants, their friends or families, Producer, the Network, or the Network's programming or other services, or the terms and conditions of this Agreement except as required to fulfill my obligations hereunder; as expressly authorized by Producer in writing; or as required by law. I also agree that I shall not disclose any such information to any contestant, individual or entity including, without limitation, any members of the press. I acknowledge that any disclosure of such information will constitute a material breach of this Agreement and will cause Producer and the Network substantial and irreparable injury and will cause substantial damages in excess of Five Million Dollars ($5,000,000), entitling Producer (and/or the Network and/or the 19 Companies, as a third party beneficiaries of this provision) to, among other things: (a) injunctive or other equitable relief, without posting any bond, to prevent and/or cure any breach or threatened breach of this paragraph by me; (b) recovery or disgorgement of the monies and other consideration, if any, I received in connection with such disclosure; (c) forfeiture of any and all cash and prizes that I may have been entitled to for participating in the Series; and (d) recovery of the Producer's, the 19 Companies' and/or the Network's damages, including but not limited to, lost profits and other consequential damages, to the extent permitted by law, and attorneys' fees and court costs incurred to enforce this paragraph. I also agree not to make any personal appearance for anyone other than Producer and/or Network or make any statement to any radio personnel, journalist, media person or service with respect to the Series without Producer's and Network's prior written approval as set forth in this Agreement. Notwithstanding the foregoing, I may refer to my appearance in the Series, Producer, or Network in an incidental, non-derogatory manner or as reasonably required in connection with my resume.

INITIAL HERE _____

3. **Prizes:** I acknowledge and agree that the amount and/or nature of cash and/or prizes awarded are subject to change by Producer, in its sole discretion, at any time including, without limitation, while I am participating as a contestant on the Series. Furthermore, in the event of a malfunction of any nature whatsoever affecting the manner in which the Series is produced, the Series rules, the outcome of the Series and/or the awarding of cash and/or prizes, Producer's decision with respect to handling of such malfunction including, but not limited to, the awarding of cash and/or prizes, shall be final. If a cash prize is awarded to me, then payment shall be made to me as Producer, in its absolute sole discretion, shall deem appropriate.

My refusal to accept any prize shall constitute a forfeiture of that prize and shall release Producer, the Network, any parent, subsidiary, affiliate, or division of either of them, and all persons and entities connected with the Series, from any and all obligations in connection with such prize. I shall pay all state and federal or other taxes on any and all cash and/or prizes I win. I release the Released Parties (as defined in Section E.2.) of liability for any such taxes. Producer may deduct or require payment of any such tax before delivery of a prize. I shall not advertise my winning of any prize prior to delivery of any prize.

release h consent 2 1.doc                                    13

4.  **Remedies.** I acknowledge and agree that the rights I have granted hereunder and my participation related thereto are unique, unusual, special and extraordinary, the loss of which would not be adequately compensable in damages in an action at law. I further agree that, in addition to any rights or remedies which Producer may have under this Agreement or otherwise, Producer would be entitled to all available equitable remedies in case of my breach or threatened breach of this Agreement. Any remedies, rights, undertakings and obligations contained in this Agreement shall be cumulative. No remedies, rights, undertakings, or obligations shall be in limitation of any other remedy, rights, undertaking, or obligation of either party. No breach of this Agreement shall entitle me to terminate or rescind the rights granted to Producer or the Network herein. I hereby waive the right, in the event of any such breach by Producer or the Network, to equitable relief or to enjoin, restrain or interfere with the exercise of any of the Granted Rights, it being my understanding that my sole remedy shall be the right to recover monetary damages with respect to any such breach.

5.  **Notices:** All notices, statements and other communications given hereunder shall be made in writing by facsimile (with confirmed delivery transmission), telegraph, telex, personal delivery or by mailing the same by certified mail, return receipt requested, or by next day express delivery in a postpaid wrapper, addressed to the other as aforesaid, and the date of such personal delivery, telegraphing, telexing, faxing, the next day if by express delivery, or the date five (5) days after such mailing shall be deemed the date on which such notice is effective. All notices sent to either party shall be to said party's respective address set forth herein.

6.  **Assignment:** I acknowledge that I shall have no right to assign this Agreement or delegate any of my responsibilities hereunder to any third party. Producer shall have the right to assign this Agreement freely.

7.  **Relationship of Parties:** I acknowledge and agree that my relationship to Producer is limited solely
to that of a grantor of rights and not as an employee of Producer or of an independent contractor. I acknowledge and agree that I will be responsible for payment of all taxes and insurance applicable under existing law on all amounts paid to me hereunder, including but not limited to, Social Security taxes, federal, state and local income taxes, disability, unemployment and workers compensation insurance. I hereby agree to complete, execute and deliver in person, to Producer all required forms necessary for identity and eligibility under the Immigration Reform and Control Act. I warrant and represent that I will make all necessary payments due governmental agencies to comply with the foregoing.

8.  **Complete Agreement; Applicable Law.** This Agreement, and any exhibits and attachments hereto, contain the entire understanding between the parties, and supersedes all prior negotiations, understandings and agreements (whether written or oral) of the parties hereto relating to the subject matter herein. This Agreement cannot be modified except by a written instrument signed by the parties hereto. This Agreement and all matters or issues collateral thereto shall be governed by the laws of the State of California applicable to contracts executed and performed entirely therein (regardless of the actual place(s) of performance). The parties hereby consent to the personal jurisdiction and venue of any state or federal court located in the County of Los Angeles. No waiver of any breach of or default under any provision hereof shall be deemed a waiver of such provision, or of any subsequent breach or default. If any provision hereof shall be invalid or unenforceable due to any law, said provision shall be modified to the minimum extent necessary to effect compliance with such law, and in any event such invalidity or unenforceability shall have no effect upon the remaining terms and conditions hereof. The grant of rights, representations, warranties, indemnities, restrictions on use of trademarks, and confidentiality obligations contained herein shall survive the expiration or earlier termination of this Agreement. The paragraph headings have been inserted herein for the purpose of convenience only and shall not be used in interpreting this Agreement. The provisions hereof shall be binding upon me and my heirs, executors, administrators and successors. Each of the parties hereto represents and warrants that in executing this Agreement, each party has relied upon its own judgment, belief and knowledge and has had the opportunity to seek the advice and recommendations of its own independently selected and retained counsel.

9.  **Previous Agreement(s).** I hereby acknowledge that I have previously entered into that certain Audition Agreement and Release (the "Audition Agreement") with Producer in connection with my participation in the Series. In the event of any discrepancy between the terms of the Audition

release.la.addict1.3.doc                    14

CDC_000202

DEC-05-2002 THU 03:37 PM AMERICAN IDOL          FAX NO. 3238758050          P. 20

Agreement and this Agreement, which discrepancy would limit or restrict the rights of Producer in any way, I agree that the terms of this Agreement shall prevail.

**10. Third Party Beneficiary.** I acknowledge and agree that, insofar as the terms of this Agreement relate to 19 TV Ltd., 19 Management Ltd., 19 Recordings Ltd. and/or 19 Merchandising Ltd. and/or Network, each of the 19 Companies and the Network shall be considered as third party beneficiaries to this Agreement.

**11. Knowledge and Understanding of the Agreement.** I have been given ample opportunity to read, and I have carefully read, this entire Agreement. I certify that I have made an investigation of the facts pertinent to this Agreement and of all the matters pertaining thereto as I have deemed necessary, that I fully understand the contents of this Agreement, that I am of sound mind, and that I intend to be legally bound by this Agreement. I understand that if I am under the age of 18 as of the date of my execution of this Agreement, I will cooperate with Producer in obtaining court approval of this Agreement. I am aware that this Agreement is, among other things, a release of liability for future injuries and a contract between
myself and Producer and/or its affiliated organizations, and that I am signing this Agreement of my own free will. Each statement which I have made in this Agreement is true. The name given below is my legal name. Any other name(s) or alias(es) used by me within the past five years are also noted below. The Social Security number furnished is my true Social Security number. After Producer and I (and my parent or legal guardian, if applicable) have signed this Agreement where indicated below, the foregoing shall constitute a binding and enforceable agreement between us.

DATED: 12-06-02          DATED: 12/9/02

CONTESTANT:              PRODUCER:

                         AMERICAN IDOL PRODUCTIONS, INC.

Signature                By: Amanda Chacon

Print Name: Corey Clark  Its: Secretary

Address: 1203 Brentridge ln.

Antioch, Tn. 37013

Telephone: 615-834-8363

Social Security Number: 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

Other Names and Aliases (if applicable):

_____

_____

relstns ta.cnwdnd.3.doc                    15

CDC_000203

**IF THE ABOVE INDIVIDUAL IS UNDER THE AGE OF 18 YEARS, THE PARENT
OR LEGAL GUARDIAN OF SUCH PERSON MUST ALSO SIGN BELOW.**

I hereby warrant that I am the parent and/or legal guardian of
_____, the individual who signed the foregoing Agreement (the
"Minor"), that I have caused said Minor to execute said Agreement, that I will not instruct, authorize or
permit said Minor to disaffirm the foregoing Agreement, and that I will indemnify the Released Parties
(as defined in the Agreement) against all claims, liabilities and expenses with respect to said
Agreement, and that, knowing of Producer's reliance hereon, I agree to cause said Minor to adhere
to all of the provisions of said Agreement. I agree that I will be responsible for the conduct and well-
being of said Minor at all times during said Minor's participation in the Series.

In consideration for said Minor participating as a contestant on the Series, I hereby agree to be
bound by and to perform all of the terms and conditions of this Agreement, as if I were a party to this
Agreement, insofar as such terms and conditions may relate to my participation in the Series, if any
(including but not limited to the taping of my appearance in connection with the Series and the use of
my name, voice, likeness, etc.).

In addition, I agree to cooperate with Producer in having this Agreement and any past or future
agreements entered into by the Minor in connection with the Series approved by the applicable court
and I hereby waive notice and any opportunity to appear and be heard in connection with any such
proceedings.

Dated: _____          Name (Please Print) _____

Place: _____          _(Signature) _____

Alias: _____          Address _____ (Street)

Social Security No.:_____          (City) _____ (State) _____ (Zip)

Relationship to Minor: _____          (Phone No.) _____

Note:    PLEASE KEEP US ADVISED IN WRITING OF YOUR CURRENT ADDRESS.

release (s.season)3.3.doc                    16

CDC_000204

# American Idol
# CONTESTANT AGREEMENT

----------------------

## December 6, 2002

----------------------

# END

CDC_000205