**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

JAERED N. ANDREWS,
COREY D. CLARK,
 JACOB JOHN SMALLEY,
DONNIE WILLIAMS,
TERRELL BRITTENUM,
DERRELL BRITTENUM,
THOMAS DANIELS,
AKRON WATSON,
JU'NOT JOYNER,
CHRIS GOLIGHTLY

                    Plaintiffs,

          vs.

FREMANTLEMEDIA N.A., INC.,
AMERICAN IDOL PRODUCTIONS, INC.,
19 ENTERTAINMENT LTD.
CORE MEDIA GROUP, INC.
21St CENTURY FOX, INC.
FOX BROADCASTING COMPANY, INC.
NIGEL LYTHGOE, KEN WARWICK
FORD MOTOR COMPANY, INC.,
COCA-COLA COMPANY, INC.,
AT&T

                    Defendants.

Case No. 13-CV-5174
(NRB)

JUDGE BUCHWALD

DEMAND FOR
TRIAL BY JURY

ECF CASE

**PLAINTIFFS' MOTION PURSUANT TO FED. R. CIV. P. 12(d) TO
EXCLUDE MATTERS OUTSIDE THE PLEADINGS OR, IN THE
ALTERNATIVE, TO CONVERT DEFENDANTS' MOTION TO DISMISS
THE THIRD AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P.
12(b)(6) [Docket Entry No. 48] TO ONE FOR SUMMARY JUDGMENT
UNDER FED. R. CIV. P. 56**

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES........................................................................................................iii

PRELIMINARY STATEMENT ...............................................................................................1

LEGAL STANDARD..............................................................................................................2

ARGUMENT.........................................................................................................................3

POINT I.  STATEMENTS OF (DISPUTED) FACT SET FORTH IN DEFENDANTS'
RULE 12(b)(6) MOTION SHOULD BE EXCLUDED BECAUSE THEY
REFERENCE MATTERS OUTSIDE THE PLEADINGS..........................................................3

    A.  DEFENDANTS' UNSUPPORTED STATEMENTS OF MATERIAL DISPUTED FACTS
        SHOULD BE CATEGORICALLY EXCLUDED......................................................................4

    B.  DEFENDANTS' MISCHARACTERIZATIONS OF PLAINTIFFS' ALLEGATIONS
        SHOULD BE CATEGORICALLY EXCLUDED......................................................................8

POINT II.  CITATIONS TO THE ABBREVIATED COMPLAINT [DOCKET NO. 30]
IN DEFENDANTS' RULE 12(b)(6) MOTION TO DISMISS THE THIRD AMENDED
COMPLAINT [DOCKET NO. 45] SHOULD BE EXCLUDED BECAUSE THEY
REFERENCE MATERIALS OUTSIDE THE PLEADINGS......................................................12

POINT III. AFFIRMATIVE DEFENSES INTERPOSED IN A PRE-ANSWER
MOTION TO DISMISS PURSUANT TO RULE 12(b)(6) IS STATUTORILY
IMPROPER AND REVIEW SHOULD BE DEFERRED ..........................................................16

    A.  JUDICIAL REVIEW OF THE STATUTE OF LIMITATIONS SHOULD BE PROPERLY
    DEFERRED UNTIL FED. R. CIV. P. 12(C) [AT THE EARLIEST] OR FED. R. CIV. P. 56...17

    B.  THE FIRST AMENDMENT DEFENSE, WHICH IS OBJECTIVELY UNREASONABLE,
    SHOULD BE DISPOSED OF ON FED. R. CIV. P. 56. ......................................................19

CONCLUSION ....................................................................................................................20

## TABLE OF AUTHORITIES

### CASES

Aktiebolaget Stille-Werner v. Stille-Scanlan, Inc.,
  1 F.R.D. 395 (S.D.N.Y.1940)-----------------------------------------------13

Armstrong v. Davis,
  275 F.3d 849, 878 n. 40 (9th Cir.2001) ---------------------------------13

Ashcroft v. Iqbal,
  556 U.S. 662, 678–79, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)-------- 3

Aspex Eyewear Inc. v. Clariti Eyewear Inc.,
  531 F.Supp.2d 620 (S.D.N.Y. 2008) (Chin, J.)----------------------------16

Atkins v. Boher,
  2011 WL 6779311, at *7 (S.D.N.Y. Dec. 3, 2011) ------------------------10

Barrezueta v. Sword S.S. Line,
  27 F. Supp. 935 (S.D.N.Y. 1939)----------------------------------------------18

Bell Atl. Corp. v. Twombly,
  550 U.S. 544, 555–56, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)-------- 3

Brownmark Films, LLC v. Comedy Partners, et al.,
  682 F.3d 687, 689 (7th Cir. 2012) -----------------------------------------17

Business Guides, Inc. v. Chromatic Comm. Enterpr., Inc.,
  498 U.S. 533 (1991) ------------------------------------------------------------18

Cameron v. Fogarty,
  705 F.2d 676 (2d Cir.1983)----------------------------------------------------13

Chambers v. Time Warner, Inc.,
  282 F.3d 147, 152 (2d Cir. 2002)---------------------------------------------- 2

Clark v. Tarrant County,
  798 F.2d 736, 740–41 (5th Cir. 1986) --------------------------------------13

Cohen v. Pennsylvania R. Co.,
  30 F. Supp. 419 (S.D.N.Y. 1939)---------------------------------------------18

Cortec Indus., Inc. v. Sum Holding L.P.,
  949 F.2d 42, 47 (2d Cir. 1991)----------------------------------------------- 2

## TABLE OF AUTHORITIES

### (continued...)

Duda v. Board of Educ. of Franklin Park Pub.Sch. Dist. No. 84,
    133 F.3d 1054, 1057 (7th Cir.1998) ---------------------------------------13

Groden v. Random House, Inc.,
    61 F.3d 1045, 1052 (2d Cir. 1995) ------------------------------------- 2

Harris v. Nelson,
    394 U.S. 286 (1969) ---------------------------------------------------18

In re Atlas Van Lines,
    209 F.3d 1064 (8th Cir.2000) -------------------------------------------13

In re Crysen/Montenay Energy Co.,
    226 F.3d 160, 162 (2d Cir.2000) ---------------------------------------12

InterGen N.V. v. Grina,
    344 F.3d 134, 145 (1st Cir. 2003) -------------------------------------13

Menard v. Mitchell,
    430 F.2d, 486, 490 (D.C. Cir. 1970) -----------------------------------10

New York. Moore v. Francis,
    121 N.Y. 199, 203, 23 N.E. 1127 (1890) ------------------------------10

Pani v. Empire Blue Cross Blue Shield,
    152 F.3d 67, 74 (2d Cir. 1998)----------------------------------------17

Parry v. Mohawk Motors of Mich., Inc.,
    236 F.3d 299, 306 (6th Cir. 2000)------------------------------------13

Pavelic & LeFlore v. Marvel Entertainment Group,
    493 U.S. 120, (1989)-------------------------------------------------18

Regan v. Sullivan,
    557 F.2d 300, 308 (2d Cir. 1977)-------------------------------------10

Rockwell Int'l Corp. v. United States,
    549 U.S. 457, 471-74 (2007) ----------------------------------------12

Schware v. Board of Bar Examiners,
353 U.S. 232, 241-242, 77 S. Ct. 752, 758, 1 L. Ed. 2d 796 (1957) ------ 6

# TABLE OF AUTHORITIES

**(continued...)**

Societe Nationale Industrielle Aerospatiale v.
U.S. Dist. Court for Southern Dist. of Iowa, 482 U.S. 522 (1987)------18

Swierkiewicz v. Sorema N.A.,
534 U.S. 506, 511 (2002) ------------------------------------------------- 3

Town of Babylon v. Fed. Hous. Fin. Agency,
699 F.3d 221, 227 (2d Cir. 2012)."------------------------------------------- 3

United States v. Lewis,
411 F.3d 838, 842 (7th Cir. 2005) ------------------------------------------16

Walker v . Armco Steel Corp.,
446 U.S. 740 (1980) -------------------------------------------------------18

Washer v. Bullitt County,
110 U.S. 558, 562,4 S.Ct. 249,28 L.Ed. 249 (1884)---------------------13

West Run Student Housing Associates LLC v.
Huntington National Bank,
2013 U.S. App. Lexis 6804, *17-18 (3d Cir. Apr. 4, 2013)--------------13

Worldcom, Inc. v. Graphnet, Inc.,
343 F.3d 651, 657 (3d Cir. 2003)-------------------------------------------16

Young v. City of Mount Ranier,
238 F.3d 567, 572 (4th Cir. 2001)------------------------------------------13

**STATUTES**

28 U.S.C. §§ 2072-2074 ----------------------------------------------------18

**OTHER AUTHORITIES**

EEOC ENFORCEMENT GUIDANCE, Number: 915.002, dated
4/25/2011, *Enforcement Guidance on the Consideration of Arrest
and Conviction Records in Employment Decisions Under Title VII
of the Civil Rights Act of 1964*, amended, 42 U.S.C. § 2000e et seq ----- 6

# TABLE OF AUTHORITIES

### (continued...)

**R**ULES

Fed. R. Civ. P. 8(a)------------------------------------------------------------16

Fed. R. Civ. P. 8(c)------------------------------------------------------------16

Fed. R. Civ. P. 10(c) ----------------------------------------------------------13

Fed. R. Civ. P. 12(b)(6) ----------------------------------------------4, 17, 20

Fed. R. Civ. P. 12(c) ------------------------------------------------------ 2, 19

Fed. R. Civ. P. 12(i)-----------------------------------------------------------19

Fed. R. Civ. P. 15(a) ----------------------------------------------------------14

Fed. R. Civ. P. 56 ------------------------------------------------------------- 4

Fed. R. Evid. 201 -------------------------------------------------------------- 2


**T**REATISES

5 C. Wright & A. Miller, F**EDERAL** P**RACTICE AND** P**ROCEDURE**
    § 1326 (1990) -------------------------------------------------------------13


6 Charles Alan Wright et al., F**EDERAL** P**RACTICE** & P**ROCEDURE** Civil 2d,
    § 1476, at 556-58 (2d ed. 1990) --------------------------------------13

**PRELIMINARY STATEMENT**

Pursuant to Rule 12(d) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") and upon good cause shown, Plaintiffs JAERED N. ANDREWS, COREY D. CLARK, JACOB JOHN SMALLEY, DONNIE WILLIAMS, TERRELL BRITTENUM, DERRELL BRITTENUM, THOMAS DANIELS, AKRON WATSON, JU'NOT JOYNER, and CHRIS GOLIGHTLY (collectively, "Plaintiffs") respectfully move the Honorable Court for an Order EXCLUDING Matters outside the pleadings or, in the alternative, CONVERTING Defendants' motion to dismiss the Third Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6) [Docket Entry Nos. 47-49] to one for summary judgment under Fed. R. Civ. P. 56 and to provide Plaintiffs an opportunity to refute such extrinsic matters.

Plaintiffs' Rule 12(d) motion is based on three general categories of matters presented by Defendants which should be categorically excluded from consideration on their pre-answer motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).  First, all unsupported statements of disputed fact proffered by Defendants or false representations should be excluded. Second, all references to the Abbreviated Complaint, which is not incorporated by reference into the Third Amended Complaint, should be excluded.  Third, all affirmative defenses, namely the statute of limitations and First Amendment, should be excluded from consideration on Defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).

1

## LEGAL STANDARD

Rule 12(d) of the Federal Rules of Civil Procedure provides as follows:

> d) RESULT OF PRESENTING MATTERS OUTSIDE THE PLEADINGS.  If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56.  All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion. Fed. R. Civ. P. 12(c)

In deciding a Rule 12 motion, a court may only consider the complaint itself or any matters that are subject to judicial notice by the court.  Chambers v. Time Warner, Inc., 282 F.3d 147, 152 (2d Cir. 2002); Fed. R. Evid. 201. The complaint is deemed to include any attached exhibits, statements, or documents incorporated into the complaint by reference, as well as any documents that are "integral" to the complaint.  Id. at 152-53; see also Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d 42, 47 (2d Cir. 1991).

When extraneous matters are presented to the court in conjunction with a Rule 12 motion, the court must either exclude such matters or convert the motion to one for summary judgment.  Fed. R. Civ. P. 12(d); see Chambers, 282 F.3d at 154. Before converting a Rule 12(b)(6) motion to dismiss into a Rule 56 motion for summary judgment, a district court must give "sufficient notice to [the non-moving] party and an opportunity for that party to respond." Groden v. Random House, Inc., 61 F.3d 1045, 1052 (2d Cir. 1995).

**ARGUMENT**

**I.**

**STATEMENTS OF (DISPUTED) FACT SET FORTH IN DEFENDANTS'
RULE 12(b)(6) MOTION SHOULD BE EXCLUDED BECAUSE THEY
REFERENCE MATTERS OUTSIDE THE PLEADINGS**

In considering a Rule 12(b)(6) motion, it is not the district court's function to "find" facts, but rather to assume the truth of factual allegations to determine if the plaintiff has stated a plausible claim for relief. Ashcroft v. Iqbal, 556 U.S. 662, 678–79, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–56, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). In deciding a motion to dismiss, the question is "not whether [the] plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 511 (2002) (citations and quotation marks omitted).

In their memorandum of law in support of their motion to dismiss [Docket No. 48], Defendants state that "[a]lthough defendants disagree with the complaint's allegations, *plaintiffs factual allegations are assumed to be true for the purpose of this motion.* See Town of Babylon v. Fed. Hous. Fin. Agency, 699 F.3d 221, 227 (2d Cir. 2012)." [MTD, p. 3, n. 2] (emphasis added). Notwithstanding their reference to the applicable standard of law, Defendants' motion is replete with Defendants' own *unsupported* allegations of material fact, as well as a host of factual

3

denials.[1]   Such statements should all be categorically stricken from Defendants' pre-answer motion to dismiss pursuant to Fed. R. Civ. P. 12(d).   Otherwise, the Court should convert the Defendants' motion under Fed. R. Civ. P. 12(b)(6) to one for summary judgment pursuant to Fed. R. Civ. P. 56 and provide Plaintiffs an opportunity to present evidence to refute the factual allegations set forth in Defendants' motion.

**A.   DEFENDANTS' UNSUPPORTED STATEMENTS OF MATERIAL DISPUTED FACTS SHOULD BE CATEGORICALLY EXCLUDED**

Below is a table that lists twelve (12) statements of disputed material fact that are nowhere to found in the Plaintiffs' Third Amended Complaint. ("Table A").   Plaintiffs respectfully request that the Court strike or otherwise exclude all twelve statements referenced in Table A.

| # | TABLE A: Defendants' Statements of Material Disputed Facts [Document No. 48] |
|---|---|
| 1 | Δ:  *"Plaintiffs in this lawsuit are former American Idol contestants who were eliminated from the show, either by public vote …"* [MTD, p. 1] |
| | π:  Plaintiffs do NOT allege in the Third Amended Complaint that they were eliminated "by public vote."   Rather, Plaintiffs allege that the *American Idol* contest is a consumer fraud, that "the public vote" does not count whatsoever, and that contestant advancement and ultimate outcome of the purported *bona fide* contest is determined by the unfettered discretion of the Defendants. [TAC, ¶¶ 245, 254, 259, 573, 797, 1312-1404, 1450- |

---

[1] If Defendants seek to set forth their own set of factual allegations and factual denials, then the proper procedure is to file an answer to the operative pleading pursuant to Fed. R. Civ. P. 8 and then, if they wish to renew their effort to test the sufficiency of the pleadings, to file a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c).   It is entirely improper for Defendants to plead their own unsupported version of purported facts in their pre-answer memorandum in support of a dispositive motion to dismiss under Fed. R. Civ. P. 12(b)(6).

| # | TABLE A:<br>**Defendants' Statements of Material Disputed Facts**<br>**[Document No. 48]** |
|---|---|
|  | 1462] |
| 2 | Δ:  *"African-Americans thus have participated in key stages of the contest at more than double their proportion of the country's population."* [MTD, p. 1] |
|  | π: Plaintiffs do NOT allege this statement of purported fact in the Third Amended Complaint and Defendants have provided no evidence to support this claim. |
| 3 | Δ:  *"Prior to the semi-final stage, eligible contestants advance based on votes by expert judges. Semi-finalist contestants advance based on votes by the audience."* [MTD, p. 1, fn. 1] |
|  | π:  Plaintiffs agree that *American Idol* is advertised as this statement suggests.  However, Plaintiffs do NOT allege this statement of purported fact in the Third Amended Complaint and allege that the *American Idol* contest is a consumer fraud, that "the public vote" does not count whatsoever, and that contestant advancement and ultimate outcome of the purported *bona fide* contest is determined by the unfettered discretion of the Defendants. [TAC, ¶¶ 245, 254, 259, 797, 1312-1404, 1450-1462] |
| 4 | Δ: *"Jacob John Smalley and Ju'not Joyner were eliminated based on the public vote, see TAC ¶¶ 571-573, 790, and thus cannot allege a Section 1981 claim, as defendants did not take any adverse action against them."* [MTD, p. 3, fn. 3] |
|  | π: Plaintiffs Smalley and Joyner do NOT allege this statement of purported fact in the Third Amended Complaint.  Rather, they allege that the public vote does <u>not</u> count because contestant advancement and outcome is determined by the unfettered discretion of the DEFENDANTS. [TAC, ¶¶ 573, 797; see also TAC, ¶¶ 245, 254, 259, 1312-1404, 1450-1462] |
| 5 | Δ:  *"[American Idol] is a narrative about the contestants and their personal stories."* [MTD, p. 7] |
|  | π:  Plaintiffs do NOT allege this statement of purported fact in the Third Amended Complaint.  To the extent that Plaintiffs allege that American Idol is "scripted," or fictional program, such allegations are set forth meet the particularity requirements of pleading Fraud.  [TAC, ¶¶ 245, 247, 254, 259, 1312-1404, 1450-1462] |
| 6 | Δ:  *"Although defendants did not engage in any such conduct* [dissemination of racial propaganda intended to indoctrinate audiences with lessons about the criminality of young, Black |

| # | **TABLE A:**<br>**Defendants' Statements of Material Disputed Facts**<br>**[Document No. 48]** |
|---|---|
|   | males], *'propaganda' is a classic form of First Amendment protected activity."* (citing a case that addresses fictional narratives) [MTD, p. 8, n. 8] |
|   | **π:** As pointed out in Defendants' MTD, Plaintiffs have alleged in the Third Amended Complaint that Defendants engaged in the dissemination of "racial propaganda" with "commercial speech intending to indoctrinate target audiences with 'lessons' about the 'criminality' of young, Black males," TAC ¶ 1286(a), see also TAC ¶¶ 1059-1076 (alleging related political motivations). Defendants' denial of Plaintiffs' allegation in footnote 8 of their MTD is outside of the four corners of the pleadings. |
| 7 | Δ: *"The sponsor defendants (American Idol's advertisers), have no involvement in producing the show."* [MTD, P. 11] |
|   | **π:** Plaintiffs do NOT allege this material statement of purported fact in the Third Amended Complaint and it is therefore outside of the four corners of the pleading. Rather, Plaintiffs do allege that the SPONSOR-DEFENDANTS participated in the *American Idol* contestant advancement and disqualification decisions and otherwise ratified and profited from such decisions. [TAC, ¶¶ 154-166 (Ford); 175-188 (Coca-Cola); 193-208 (AT&T); see also 465-467] |
| 8 | Δ: *"Andrews, Clark, Williams, T. Brittenum, and D. Brittenum admit to having pending criminal charges during their participation on the show, casting doubt as to whether they could continuously be available to participate further." (See TAC ¶ 1292.)* [MTD, p. 11] |
|   | **π:** Plaintiffs *Andrews, Clark, Williams, T. Brittenum, and D. Brittenum* do NOT allege in the Third Amended Complaint that their pending criminal charges would cast "*doubt as to whether they could continuously be available to participate further*" and this statement of purported fact is therefore outside of the four corners of the pleading. Moroever, a pending criminal arrest cannot be constitutionally sustained as "*casting doubt as to whether they could continuously be available to participate further*" unless the accused are presumed guilty until proven innocent. <u>See</u> U.S. CONST., Amend IV (search and seizure), V (due process), VI (right to trial by jury); VIII (cruel and unusual punishment), XIII (involuntary servitude), XIV (due process, equal protection, ordered liberty)]. <u>See also</u> <u>Schware v. Board of Bar Examiners,</u> |

| # | **TABLE A:**<br>**Defendants' Statements of Material Disputed Facts**<br>**[Document No. 48]** |
|---|---|
| | 353 U.S. 232, 241-242, 77 S. Ct. 752, 758, 1 L. Ed. 2d 796 (1957) ("The mere fact that a man has been arrested has very little, if any, probative value in showing that he has engaged in any misconduct. An arrest shows nothing more than that someone probably suspected the person apprehended of an offense."); EEOC ENFORCEMENT GUIDANCE, Number: 915.002, dated 4/25/2011, *Enforcement Guidance on the Consideration of Arrest and Conviction Records in Employment Decisions Under Title VII of the Civil Rights Act of 1964*, amended, 42 U.S.C. § 2000e et seq ("The fact of an arrest does not establish that criminal conduct has occurred. Arrests are not proof of criminal conduct. Many arrests do not result in criminal charges, or the charges are dismissed.") |
| 9 | Δ:  *"Daniels spoke with the media during the competition, AC ¶ 549, a ground for disqualification." (See Doc. No. 45-27 at 1-2.) [MTD, p.* |
| | π:  Plaintiff Daniels does not allege this purported statement of fact in the Third Amended Complaint  Even if Daniels spoke to TMZ, he was authorized by Defendants to do so and justified given that Defendants released his expunged criminal record information to TMZ. [TAC, ¶¶ 720-721].  Moreover, white American Idols with criminal records speak to the press without being disqualified, showing further evidence of disparate treatment.  See http://www.fwweekly.com/2010/03/15/casey-james-drunken-past-goes-national/ (reporting that James commented to press about his past criminal record). |
| 10 | Δ:  *"Smalley and Joyner were voted off the show by the public, not disqualified by defendants." (TAC ¶¶ 571-72, 790.)* [MTD, p. 12] |
| | π:  Plaintiffs Smalley and Joyner do NOT allege this statement of purported fact in the Third Amended Complaint.  Rather, they allege that the public vote does <u>not</u> count because contestant advancement and outcome is determined by the unfettered discretion of the DEFENDANTS. [TAC, ¶¶ 573, 797; see also TAC, ¶¶ 245, 254, 259, 1312-1404, 1450-1462] |
| 11 | Δ:  *"Lythgoe and Warwick worked as executive producers for defendants 19 Entertainment and American Idol Productions, respectively."* [MTD, p. 12] |
| | π: Plaintiffs do NOT allege this material statement of purported fact in the Third Amended Complaint and it is therefore outside |

| # | **TABLE A:**<br>**Defendants' Statements of Material Disputed Facts**<br>**[Document No. 48]** |
|---|---|
|  | of the four corners of the pleading.  Rather, Plaintiffs allege that the Overseer-Defendants act on behalf of ALL Defendants as a joint venture and common enterprise and that the co-Defendants have knowledge of or ratify all of the OVERSEER-DEFENDANTS' decisions. [TAC, ¶¶ 129-142] |
| 12 | Δ:  *"At no time did defendants ever undertake to act for the benefit of plaintiffs or purport to act with plaintiffs' interests in mind."* [MTD, p. 24] |
|  | π: Plaintiffs do NOT allege this material statement of purported fact in the Third Amended Complaint. [cf. TAC, ¶¶ 1431-1462] |

**B.    DEFENDANTS' MISCHARACTERIZATIONS OF PLAINTIFFS' ALLEGATIONS SHOULD BE CATEGORICALLY EXCLUDED**

Consistent with Fed. R. Civ. P. 12(d), Plaintiffs also request that the Court strike or otherwise exclude from Defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) [Docket No. 48] all thirteen (13) statements referenced below in Table B, which lists various false representations and/or mischaracterizations of Plaintiffs' allegations or statements made within this proceeding.

| # | **TABLE B:**<br>**Defendants'  Mischaracterizations  of  Plaintiffs'  Allegations**<br>**[Document No. 48]** |
|---|---|
| 1 | Δ:  *"Their core claim is that the producers of American Idol have discriminated against African American male contestants"* [MTD, p. 1] |
|  | π:   Plaintiffs also allege that Defendants discriminated against African-American females. [TAC, ¶¶ 455-476; 653-671, 672-682, 946, 1002, 1014-1053].  Plaintiffs also reserved the right to add females to the prospective class  [TAC, ¶¶ 1107-1108], which in any event has not yet been certified. |
| 2 | Δ:  *"On November 27, plaintiffs sought leave to amend again."* [MTD, p. 2] |

| # | **TABLE B:**<br>**Defendants' Mischaracterizations of Plaintiffs' Allegations**<br>**[Document No. 48]** |
|---|---|
| | π:   This statement is false.   Plaintiff sought confirmation of its unfettered right to amend the pleading as of right.   As per the express language of the correspondence to the Court, dated November 26, 2013, Plaintiff's counsel wrote to "request an Order from the Court confirming Plaintiffs' right to file an amended pleading pursuant to Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.")." |
| 3 | Δ:   *"While defendants disagree that plaintiffs were employees or employee applicants, this motion assumes that they were employees or employee applicants of defendant American Idol Productions ("AIP"). (See   TAC ¶ 309). Plaintiffs have not alleged, and cannot allege, any employment relationship as to the other "Employer-Defendants."* (See TAC p. 3, ¶¶ *29-128.)"* [MTD, p. 5, fn. 5] |
| | π:  Plaintiffs allege that Defendants continue to fraudulently conceal the employment relationship between the EMPLOYER-DEFENDANTS and *American Idol* contestants. [TAC, ¶¶ 1158(d), 1269, 1402].  Defendants' MTD provides further evidence of this intent to conceal.   Moreover, Plaintiffs allege that all of the PRODUCTION-DEFENDANTS and NETWORK-DEFENDANTS were the employers of the principal performers on *American Idol.*  [TAC, p. 3].   American Idol Productions, Inc. is wholly owned by and controlled by FremantleMedia N.A., Inc., N.A. [TAC, ¶ 48] and the NETWORK-DEFENDANTS played a role in the employment background checks.  [TAC ¶¶ 102, 112, 122, 127].   In any event, the employment relationship raises a factual issue that precludes dismissal. |
| 4 | Δ:   *"Plaintiffs themselves claim that American Idol is more than a singing contest."* [MTD, p. 7] |
| | π: Plaintiffs do NOT allege this statement of purported fact in the Third Amended Complaint.   Rather, to the extent that *American Idol* is not a *bona fide* contest, Plaintiffs allege with particularity that it is a fraud.  [TAC, ¶¶ 245, 254, 259, 797, 1312-1404, 1450-1462] |
| 5 | Δ:   *"In fact, plaintiffs go further and allege that American Idol is a scripted "dramatic fiction," with the contestants being "actors" "cast" by defendants."* [MTD, p. 7] (citing a superseded complaint). |
| | π: Plaintiffs alleged that *American Idol* is a scripted "dramatic fiction," with the contestants being "actors" "cast" by defendants in order to meet the particularity requirements of Fed. R. Civ. P. 9 to state the elements of FRAUD.  Without any shame, Defendants are |

| # | **TABLE B:**<br>**Defendants' Mischaracterizations of Plaintiffs' Allegations**<br>**[Document No. 48]** |
|---|---|
| | relying on Plaintiffs factual allegations of fraud to prove up their First Amendment defense.  This is sanctionable. |
| **6** | Δ:  *"A district court in Tennessee rejected a similar attempt by would-be contestants on another television show, The Bachelor."* [MTD, p. 9] |
| | π: The Plaintiffs in <u>Claybrooks</u> were NOT contestants and were not competing in a competition for any prize; rather, the Claybrooks plaintiffs were being cast in pre-determined roles as the equivalent of JUDGES and understood that to be the role before auditioning. |
| **7** | Δ:  *"Plaintiffs are impermissibly "attempt[ing] to regulate the content" of American Idol…"* [MTD, p. 9] |
| | π:  Plaintiffs do NOT allege this material statement of purported fact in the Third Amended Complaint.  With the exception of plaintiff Clark and prospective plaintiff Jermaine Jones, none of the other Plaintiffs' disqualifications were embodied in the copyrighted content of the *American Idol* episodes. |
| **8** | Δ:  *"Plaintiffs do not allege that Joanna Pacitti had a criminal record."* (See TAC ¶¶ 955-961.) [MTD, p. 10, fn. 10] |
| | π:  Joanna Pacitti was not disqualified from *American Idol;* she was a "plant" who was already being managed by the PRODUCTION-DEFENDANTS and ruled ineligible to avoid the appearance of impropriety. [TAC, ¶¶  955-961]. |
| **9** | Δ:  *"The complaint also admits that Golightly and Clark failed to disclose mandatory information in violation of the rules."* [MTD, p. 11] |
| | π: This statement is patently frivolous with respect to Clark as Defendants should be held liable for asking statutorily proscribed questions pertaining to arrest records.  [TAC, ¶¶  1405-1430]. With respect to Golightly, the Third Amended Complaint alleges that Mr. Golightly answered the questions asked in good faith based on his knowledge of the purported contractual relationship at the time. [TAC, ¶ 823] |
| **10** | Δ:  *"Plaintiffs do not allege that defendants subjected them to involuntary servitude or interfered with their right to travel between the states."* [MTD, p. 13] |
| | π: The *American Idol* Contestant Agreement contains provisions which state that the PRODUCTION-DEFENDANTS own Plaintiffs' personal identities for the rest of their lives [TAC, ¶ 297] and that they have the purported contractual right to defame them or |

| # | **TABLE B:**<br>**Defendants' Mischaracterizations of Plaintiffs' Allegations**<br>**[Document No. 48]** |
|---|---|
| | spread falsehoods about them [TAC, ¶ 300].  The concept of "involuntary servitude" need not be physical, and courts have long held that reporting of criminal records can adversely impact an individual's freedom to "move about the land." <u>Menard v. Mitchell</u>, 430 F.2d, 486, 490 (D.C. Cir. 1970) ("systematic recordation and dissemination of information about individual citizens is a form of surveillance and control which may easily inhibit freedom to speak, to work, and to move about in the land" and "opportunities for schooling, employment, or professional licenses may be restricted or non-existent as a consequence of the mere fact of an arrest, even if followed by acquittal or complete exoneration of the charges involved"); see also <u>Atkins v. Boher</u>, 2011 WL 6779311, at *7 (S.D.N.Y. Dec. 3, 2011) (declining to dismiss defamation claim arising from the defendant's statement that the plaintiff was "a thief"); <u>Regan v. Sullivan</u>, 557 F.2d 300, 308 (2d Cir. 1977) (showing of one's picture as part of a "rogues' gallery" may be defamatory under New York law); <u>New York. Moore v. Francis</u>, 121 N.Y. 199, 203, 23 N.E. 1127 (1890) (A false statement that one is a criminal or has committed or been arrested for the commission of a crime is libelous *per se*). |
| 11 | Δ:  *"The EEOC received a letter from nine of the plaintiffs on January 11, 2013, but plaintiffs did not file formal charges (which were unverified) until March 18, and did not file verified charges until even later. For the purpose of this motion, defendants assume that the January 11 letter constitutes a charge, thereby giving plaintiffs the benefit of the earliest date, even though they are not entitled to that for this purpose."* [MTD, pp. 14-15, fn. 13] |
| | π: The papers sent to SMALL CAPS EMPLOYER-DEFENDANTS by the EEOC on March 18, 2013 were <u>not</u> charges, they were merely notices of charges already filed and were actually labeled as such: "Notice of Charge of Discrimination." [Docket No. 53, ¶ 18, Ex. C-4].  The EEOC charges was verified on January 6, 2013 by the seal of Plaintiffs' New-York based attorney [Docket No. 53, ¶ 15, Ex. C-1] and were verified again by each claimant prior to issuance of the EEOC right-to-sue letter. [Docket No. 53, ¶ 24, Ex. C-10]. |
| 12 | Δ:  *"[T]he fact that the public votes on the contestants' performances does not transform the show into a game of chance."* [MTD, p. 1 |
| | π: Plaintiffs dispute whether the public vote counted.   [TAC, ¶¶ 245, 254, 259, 797, 1312-1404, 1450-1462].   If the contestant |

| # | **TABLE B:**<br>**Defendants' Mischaracterizations of Plaintiffs' Allegations**<br>**[Document No. 48]** |
|---|---|
|   | advancements were determined by the unfettered discretion of the Defendants, then it is predominantly a game of chance because the individual singing talent of the contestants is not what is being measured (by Judges or audience). |
| **13** | Δ:   *"Each Plaintiff knew or should have known of defendants' alleged misconduct at the time each was voted off or disqualified more than three years ago."* [MTD, p. 23] |
|   | π: Plaintiffs do NOT allege this statement in the Third Amended Complaint.   Rather, they allege that they came to discover the contest was a fraud by virtue of Jermaine Jones' disqualification scandal in March 2012. [TAC, ¶¶ 311, 1199, 1267, 170, 1408, 1429, 1452, 1460].   Facts suggesting fraud became apparent because Jones' participation as a Top 10 contestant was plausibly determined by the Defendants, NOT by the public vote or judges. [Docket No. 53, ¶ 3, Ex. A-1; ¶¶ 27-28, MPEG Videos]. |

## II.

## CITATIONS TO THE ABBREVIATED COMPLAINT [DOCKET NO. 30] IN DEFENDANTS' RULE 12(b)(6) MOTION TO DISMISS THE THIRD AMENDED COMPLAINT [DOCKET NO. 45] SHOULD BE EXCLUDED BECAUSE THEY REFERENCE MATERIALS OUTSIDE THE PLEADINGS

It is a well-established rule that an amended complaint, filed pursuant to Federal Rules of Civil Procedure Rule 15(a), supersedes the complaint and renders the prior complaint of no legal effect.   See, e.g., Rockwell Int'l Corp. v. United States, 549 U.S. 457, 471-74 (2007) (describing the nullifying effect of amending complaints); In re Crysen/Montenay Energy Co., 226 F.3d 160, 162 (2d Cir.2000) ("an amended pleading ordinarily supersedes the original and renders it of no

legal effect."); <u>Cameron v. Fogarty</u>, 705 F.2d 676 (2d Cir.1983).  This rule is followed in all other circuit courts. [2]

Pursuant to Fed. R. Civ. P. 10(c), specific allegations of the prior complaint may be referenced or incorporated by the amended complaint, but only if reference to allegations in the prior complaint is direct and specific. <u>Aktiebolaget Stille-Werner v. Stille-Scanlan, Inc.</u>, 1 F.R.D. 395 (S.D.N.Y.1940); 5 C. Wright & A. Miller, Federal Practice and Procedure § 1326 (1990).

Here, Plaintiffs have NOT referred to the Abbreviated Complaint, nor any allegations set forth therein, anywhere in their Third Amended Complaint.   Nevertheless, Defendants have unilaterally elected to incorporate factual allegations from the the Abbreviated Complaint into

---

[2] <u>See, e.g.,</u> <u>Duda v. Board of Educ. of Franklin Park Pub.Sch. Dist. No. 84</u>, 133 F.3d 1054, 1057 (7th Cir.1998) (holding that since an amended pleading supersedes the original, facts not incorporated into the amended pleading are considered *functus officio*); <u>Parry v. Mohawk Motors of Mich., Inc.</u>, 236 F.3d 299, 306 (6th Cir. 2000) ("When plaintiff files amended complaint, new complaint supersedes all previous complaints and controls case from that point forward."); <u>Clark v. Tarrant County</u>, 798 F.2d 736, 740–41 (5th Cir. 1986) (holding that an amended complaint supersedes all prior complaints); <u>West Run Student Housing Associates LLC v. Huntington National Bank,</u> 2013 U.S. App. Lexis 6804, *17-18 (3d Cir. Apr. 4, 2013) (holding that factual allegations made in an original complaint are not binding judicial admissions where such allegations have been omitted from a subsequent amended complaint); <u>InterGen N.V. v. Grina</u>, 344 F.3d 134, 145 (1st Cir. 2003) (indicating facts in original complaint but not incorporated in amended complaint not binding on pleader); <u>Young v. City of Mount Ranier</u>, 238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect." <u>Armstrong v. Davis</u>, 275 F.3d 849, 878 n. 40 (9th Cir.2001) ("'[A]n amended pleading supersedes the original."); <u>In re Atlas Van Lines</u>, 209 F.3d 1064 (8th Cir.2000) ("It is well-established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect." (citing Washer v. Bullitt County, 110 U.S. 558, 562,4 S.Ct. 249,28 L.Ed. 249 (1884)); <u>see also</u> 6 Charles Alan Wright et al., Federal Practice & Procedure Civil 2d, § 1476, at 556-58 (2d ed. 1990) ("A pleading that has been amended under Rule 15(a) supersedes the pleading it modifies and remains in effect throughout the action.... Once an amended pleading is interposed, the original pleading no longer performs any function in the case....")

their motion to dismiss the Third Amended Complaint.   Not only are such references outside the pleadings as a matter of law, but they also undermines the express purpose of Fed. R. Civ. P. 15(a).   According to the COMMITTEE NOTES ON RULES to the 2009 Amendment, Rule 15(a)(1) was amended, *inter alia*, to allow Plaintiff the opportunity to amend in response to the filing of a Rule 12 motion (or answer).   As stated by the Judiciary Committee:

> First, the right to amend once as a matter of course terminates 21 days after service of a motion under Rule 12(b), (e), or (f). This provision will force the pleader to consider carefully and promptly the wisdom of amending to meet the arguments in the motion. A responsive amendment may avoid the need to decide the motion or reduce the number of issues to be decided, and will expedite determination of issues that otherwise might be raised seriatim. It also should advance other pretrial proceedings.

On February 19, 2014, Plaintiffs amended their complaint to "meet the arguments" in Defendants' first motion to dismiss [Docket No. 32].   It would therefore render meaningless the process of amending the pleading under Fed. R. Civ. P. 15 if the Court permits a defendant to unilaterally rely on allegations set forth in superseded pleadings as a means to dismiss the operative pleading.

Unless the following statements in <u>Table C</u> are excluded by the Court, then the Defendants' motion to dismiss the Third Amended Complaint is subject to challenge in its entirety on grounds of mootness because it relies on a mooted pleading.

| # | **Table C**<br>**Citations to the Abbreviated Complaint embodied in Defendants' Memorandum of Law to Dismiss the Third Amended Complaint [Document No. 48]** |
|---|---|
| **1** | Δ:  "On November 12, plaintiffs filed a 253-page "Abbreviated Class-Action Complaint" ("AC") that defendants moved to dismiss on November 25. [MTD, p. 7] |
| **2** | Δ:  AC, ¶ 1132 (characterizing the show as "dramatic fiction") [MTD, p. 7] |
| **3** | Δ:  AC, ¶ 1128 (the show "is a scripted dramatic work in which the Contestants are cast by [defendants] … to play a role in the Production.") [MTD, p. 7] |
| **4** | Δ:  AC, ¶  1157 (arrests and public disqualifications "were scripted into the American Idol television program by [defendants], who played out the drama as it unfolded and who thereafter promoted the scandals as a core part of the program's 'behind-the-scenes' narrative") [MTD, p. 7] |
| **5** | Δ:  AC, ¶  1255 (the show has "scripted 'casting'") [MTD, p. 7] |
| **6** | Δ:  AC ¶ 549: Daniels spoke with the media during the competition, a ground for disqualification. [MTD, p. 11] |
| **7** | Δ:  AC, ¶¶ 342-43 (implicitly admitting that Clark answered "no" when asked if he had ever been arrested).  [MTD, p. 12] |
| **8** | Δ:  (AC ¶ 1234.)  Plaintiffs have alleged that "the American Idol CONTESTANT AGREEMENT utilized by ENTERPRISE-DEFENDANTS in Season Three, Season Five, Season Six, and Season Seven are identical or substantially identical to the language employed in American Idol CONTESTANT AGREEMENT for Season Two, Season Eight and Season Nine." [MTD, p. 16, n. 14] |

Accordingly, all of the above statements listed in Table C should be appropriately stricken from the record because they present materials outside of the four corner of the Third Amended Complaint.

15

**III.**

**AFFIRMATIVE DEFENSES INTERPOSED IN A PRE-ANSWER MOTION
TO DISMISS PURSUANT TO RULE 12(b)(6) IS STATUTORILY
IMPROPER AND REVIEW SHOULD BE DEFERRED**

Fed. R. Civ. P. 8(c) governs the pleading of affirmative defenses and provides that "[i]n responding to a pleading, a party must affirmatively state any avoidance or affirmative defense," including those listed in Rule 8(c). Because affirmative defenses are pleadings, an affirmative defense is interposed at the time of filing a defendant's answer.  Fed. R. Civ. P. 8(a). This judicial district has adopted the majority view applying the Twombly-Iqbal pleading standard to affirmative defenses.   See Aspex Eyewear Inc. v. Clariti Eyewear Inc., 531 F.Supp.2d 620 (S.D.N.Y. 2008) (Chin, J.)

"The facts necessary to establish an affirmative defense must generally come from matters outside of the complaint. Thus, with some exceptions, affirmative defenses should be raised in responsive pleadings, not in pre-answer motions brought under Rule 12(b)." Worldcom, Inc. v. Graphnet, Inc., 343 F.3d 651, 657 (3d Cir. 2003) (citations omitted).   Courts should usually refrain from granting Rule 12(b)(6) motions on affirmative defenses. United States v. Lewis, 411 F.3d 838, 842 (7th Cir. 2005).   "Rule 12(b)(6) tests whether the complaint states a claim for relief, and a plaintiff may state a claim even though there is a defense to that claim. The mere presence of a potential affirmative defense does not render the claim for relief invalid. Further,

these defenses typically turn on facts not before the court at that stage in the proceedings." Brownmark Films, LLC v. Comedy Partners, et al., 682 F.3d 687, 689 (7th Cir. 2012).

Here, Defendants have prematurely interposed two affirmative defenses in their pre-answer motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) [Document No. 48]: (a) statute of limitations; and (b) the First Amendment.  It is statutorily inappropriate to render disposition on these affirmative defenses at this stage of the proceeding.

**A.   JUDICIAL REVIEW OF THE STATUTE OF LIMITATIONS SHOULD BE PROPERLY DEFERRED UNTIL FED. R. CIV. P. 12(C) [AT THE EARLIEST] OR FED. R. CIV. P. 56.**

The statute of limitations defense is listed among the affirmative defenses to be raised in a responsive pleading. Fed. R. Civ. P. 8(c). It is not, however, specifically included in the seven enumerated defenses contemplated by the pre-answer motion mechanism of Federal Rule of Civil Procedure 12(b).  See Fed. R. Civ. P. 12(b)(1)-(7).  Notwithstanding, the Second Circuit has noted an exception in cases where the affirmative defense can be established "on the face of the complaint." Pani v. Empire Blue Cross Blue Shield, 152 F.3d 67, 74 (2d Cir. 1998) ("An affirmative defense may be raised by a pre-answer motion to dismiss under Rule 12(b)(6), without resort to summary judgment procedure, if the defense appears on the face of the complaint.").

Plaintiffs object to this judicially-created exception as violative of both substantive and procedural due process pursuant to the Fifth

Amendment of the U.S. Constitution.  Substantive due process is violated by reviewing affirmative defenses on a pre-answer motion to dismiss because, as demonstrated by this motion under Fed. R. Civ. P. 12(d), Defendants are asking the Court to accept as true THEIR unsupported material statements of fact to dismiss Plaintiffs' claims on the merits.

Procedural due process is violated because there appears no good cause for district courts to deviate from the Federal Rules of Civil Procedure as written.  District courts are bound to follow the plain meaning of the Federal Rules of Civil Procedure.  See, e.g., Business Guides, Inc. v. Chromatic Comm. Enterpr., Inc., 498 U.S. 533 (1991); Pavelic & LeFlore v. Marvel Entertainment Group, 493 U.S. 120, (1989); Walker v . Armco Steel Corp., 446 U.S. 740 (1980). The Federal Rules of Civil Procedure should not be so broadly interpreted as to circumvent the Rules themselves, Cohen v. Pennsylvania R. Co., 30 F. Supp. 419 (S.D.N.Y. 1939), nor should they be rewritten by interpretation.  See Harris v. Nelson, 394 U.S. 286 (1969). Such Rules are the law of the United States, Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Court for Southern Dist. of Iowa, 482 U.S. 522 (1987), and have the force and effect of statutes.  Barrezueta v. Sword S.S. Line, 27 F. Supp. 935 (S.D.N.Y. 1939); see also 28 U.S.C. §§ 2072-2074 (U.S. Code sections granting the Supreme Court the power to prescribe rules of procedure and evidence).

Accordingly, until such time as the Supreme Court amends Fed. R. Civ. P. 12(b) to facially include the statute of limitations as an affirmative defense, Plaintiffs contend that to avoid due process concerns, adjudication of the statute of limitations should be properly deferred (at the absolute earliest) to a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c).

**B.    THE FIRST AMENDMENT DEFENSE, WHICH IS OBJECTIVELY UNREASONABLE, SHOULD BE DISPOSED OF ON FED. R. CIV. P. 56.**

Unlike the defense of statute of limitations, which requires factual determinations best reserved for a bench trial under Fed. R. Civ. P. 12(i) [See Docket No. 54], Defendants' First Amendment defense may be decided as a matter of law.   However, because an order denying Defendants' motion to dismiss under Fed. R. Civ. P. 12(b)(6) does not fully dispose of the defense, and because the defense is a pleading under Fed. R. Civ. P. 8(a) and therefore constitutes an admission to the challenged speech content, then the issue should be decided on Plaintiff's offensive motion for partial summary judgment on liability of Counts I-V and VII pursuant to. R. Civ. P. 56, as per Plaintiffs' Letter Motion to the Court, dated April 11, 2014 [Docket No. 56].

**CONCLUSION**

Based on the foregoing, Plaintiffs respectfully move the Honorable Court for an Order EXCLUDING ALL Matters outside the pleadings, as identified herein, or, in the alternative, CONVERTING Defendants' Motion to Dismiss the Third Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6) [Docket Entry Nos. 47-49] to one for Summary Judgment Under Fed. R. Civ. P. 56 and to give Plaintiffs an opportunity to respond by presenting evidence to refute Defendants' extrinsic matters.

New York, New York
Dated: April 14, 2014

Respectfully Submitted,

JH FREEMAN LAW
by: **s/jameshfreeman/**

James H. Freeman
3 Columbus Circle, 15 FL
New York, NY 10019
Tel.: (212) 931-8535
Fax: (212) 496-5870
james@jhfreemanlaw.com

*Attorney for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this **14th day** of **April, 2014**, a true and correct copy of the foregoing was filed with the Court through the ECF-CM electronic filing system, and that further notice of the same has been provided via e-mail on the following counsel:

Daniel Petrocelli, Esq.
O'Melveny & Myers LLP
1999 Avenue of the Stars
Los Angeles, NY 90067
Tel: (310) 246-6770
dpetrocelli@omm.com

*Attorneys for Defendants*
*Fremantlemedia N.A., Inc.,*
*American Idol Productions, Inc.,*
*19 Entertainment Ltd.*
*Core Media Group, Inc.*
*21st Century Fox, Inc.*
*Fox Broadcasting Company, Inc.*
*Nigel Lythgoe, Ken Warwick*
*Ford Motor Company, Inc.,*
*Coca-Cola Company, Inc.,*
*AT&T*

By: **_s/  James H. Freeman_**

21