**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

JAERED N. ANDREWS,
COREY D. CLARK,
 JACOB JOHN SMALLEY,
DONNIE WILLIAMS,
TERRELL BRITTENUM,
DERRELL BRITTENUM,
THOMAS DANIELS,
AKRON WATSON,
JU'NOT JOYNER,
CHRIS GOLIGHTLY

          Plaintiffs,

    vs.

FREMANTLEMEDIA N.A., INC.,
AMERICAN IDOL PRODUCTIONS, INC.,
19 ENTERTAINMENT LTD.
CORE MEDIA GROUP, INC.
21St CENTURY FOX, INC.
FOX BROADCASTING COMPANY, INC.
NIGEL LYTHGOE, KEN WARWICK
FORD MOTOR COMPANY, INC.,
COCA-COLA COMPANY, INC.,
AT&T

          Defendants.

Case No. 13-CV-5174 (NRB)

DEMAND FOR
TRIAL BY JURY

ECF CASE

MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS'
MOTION FOR REARGUMENT OF THE DISTRICT COURT'S ORDER, DATED
APRIL 29, 2014 [Docket No. 65] AND, VIA INCORPORATION BY REFERENCE,
THE COURT'S ORDER, DATED JANUARY 27, 2014 [Docket No. 43]
PURSUANT TO LOCAL CIVIL RULE 6.3

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES..................................................................................................ii

RELIEF SOUGHT ...........................................................................................................1

LEGAL STANDARD .........................................................................................................2

ARGUMENT....................................................................................................................3

**POINT I:**

THE DISTRICT COURT OVERLOOKED THE LEGAL STANDARDS
THAT GOVERN PLAINTIFFS' MOTION FOR LEAVE TO FILE AN AMENDED
PLEADING UNDER RULE 15(a)(2)...................................................................................3

    A.   THE THRUST OF RULE 15(A) IS TO ENSURE THAT CASES ARE TRIED ON THE
        MERITS RATHER THAN ON TECHNICALITIES OF THE PLEADINGS....................................3

    B.   THE HONORABLE COURT ERRED BY NEGLECTING TO PROVIDE A VALID BASIS
        FOR THE DENIAL OF PLAINTIFFS' MOTION UNDER RULE 15(A)(2)....................................4

    C.   PLAINTIFFS SHOWED "GOOD CAUSE" IN SEEKING THE AMENDMENT .........................7

    D.   NONE OF THE RECOGNIZED FACTORS THAT WARRANT DENIAL OF A
        RULE 15(A)(2) MOTION TO AMEND THE PLEADING ARE PRESENT HERE ...............9

       (1)   *"Undue Delay" is NOT a Valid Basis For Denial in this Case*..........................9

       (2)   *"Bad Faith" is NOT a Valid Basis for Denial in This Case*................................10

       (3)   *"Undue Prejudice" is NOT a Valid Basis for Denial in this Case*..................11

       (4)   *"Futility" is NOT a Valid Basis for Denial in this Case*.....................................12

       (5)   *The "Repeated Failure To Cure Deficiencies By Amendments*
            *Previously Allowed" is NOT a Valid Basis for Denial*.....................................13

    E.   DENIAL OF PLAINTIFFS' MOTION TO AMEND THE PLEADING AT THIS STAGE
        IS *HIGHLY* PREJUDICIAL TO PLAINTIFFS AND MR. JONES.......................................14

**POINT II:**

THE DISTRICT COURT OVERLOOKED THAT PLAINTIFFS' MOTIONS PURSUANT
TO RULE 12(i) AND RULE 12(d) COMPORT WITH THE FEDERAL RULES OF
CIVIL PROCEDURE.......................................................................................................14

    A.   PLAINTIFFS' MOTIONS UNDER RULE 12 ARE CONSISTENT WITH THE
        PURPOSE FOR WHICH THOSE SPECIFIC RULES WERE ENACTED ...............................14

       (1)   *Rule 12(d) and Rule 12(i) Expressly Contemplate That They are*
            *Both Independent From and Co-Extensive with Rule 12(b)(6).*....................15

*(2)  The Arguments Raised in Plaintiffs' Rule 12(i) and Rule 12(d) Motions are Germane to the Relief Sought Under These Rules*................................15

*(3)  Plaintiffs' Motions Under Rule 12(i) and Rule 12(d) are in Compliance with the Individual Practices' Page Limitations*................................17

B.   LOCAL RULES CANNOT BE CONSTRUED SO AS TO CONFLICT WITH OR IMPEDE THE OPERATION OF THE FEDERAL RULES................................19

*(1)  An Act of Congress, 28 U.S.C. § 2072(a), Pre-Empts Application of Pre-Motion Procedures to Motions Under Rule 12(d) and Rule 12(i)*................................20

*(2)  Pre-Motion Conference Requirements Impede Procedural Due Process With Respect To Rule 12(d) and Rule 12(i)*................................21

*(3)  Pre-Motion Requirements Imposed on Plaintiffs' Motions Under Rule 12(d) and Rule 12(i) Interfere with the Adversarial Process*................................23

**POINT III:**
FOR GOOD CAUSE SHOWN, PLAINTIFFS' SUPPLEMENTAL MEMORANDUM [DOCKET NO. 64] SHOULD STAND ON THE RECORD IN OPPOSITION................................24

CONCLUSION................................25

## TABLE OF AUTHORITIES

### CASES

Abdell v. City of New York,
   2006 WL 2620927, at *1 (S.D.N.Y. Sept.12, 2006) ------------------------------- 2

ACA Fin. Guar. Corp. v. Advest, Inc.,
   512 F.3d 46, 55 (1st Cir. 2008)------------------------------------------------------- 3

AEP Energy Servs. Gas Holding Co. v. Bank of Am.,
   626 F.3d 699, 725 (2d Cir. 2010) --------------------------------------------- 9, 11

American Surety Co. v. Baldwin,
   287 U.S. 156, 168 (1932)------------------------------------------------------------- 21

Anderson News, L.L.C. v. American Media, Inc.,
   680 F.3d 162, 186 (2012) ------------------------------------------------------------ 12

Armstrong v. Manzo,
   380 U.S. 545, 552 (1965)------------------------------------------------------------- 21

Asset Mgmt. Assocs. of N.Y., Inc. v. Emerson Telcom. Prods. LLC,
   2010 U.S. App. LEXIS 20589, at *3-*5 (2d Cir. 2010) --------------------------- 4

Bausch v. Stryker Corp.,
   30 F.3d 546, 562 (7th Cir. 2010)---------------------------------------------------- 3

Baylson v. Disciplinary Bd. of Supreme Court of Pennsylvania,
   764 F.Supp. 328, 335-336 (1991)--------------------------------------------------- 19

Berman v. Parco,
   986 F. Supp. 195, 217 (S.D.N.Y. 1997) --------------------------------------------- 9

Block v. First Blood Assocs.,
   988 F.2d 344, 350 (2d Cir. 1993) -------------------------------------------------- 11

Bowles v. Reade,
   198 F.3d 752, 758 (9th Cir. 1999) ------------------------------------------------- 10

Burch v. Pioneer Credit Recovery, Inc.,
   551 F.3d 122, 126 (2d Cir. 2008) -------------------------------------------------- 13

Colgrove v. Battin,
   413 U.S. 149, 164 n. 23 (1973) ----------------------------------------------------- 19

**TABLE OF AUTHORITIES**
(continued...)

**CASES**

D'Ippolito v. Cities Serv. Co.,
   374 F.2d 643, 648 (2d Cir.1967) ----------------------------------------------- 14

DCD Programs, Ltd. v. Leighton,
   833 F.2d 183, 186 (9th Cir. 1987) ------------------------------------------------- 3

Engstrom v. First Nat'l Bank of Eagle Lake,
   47 F.3d 1459, 1464 (5th Cir. 1995)------------------------------------------------- 3

Enzymotec Ltd. v. NBTY, Inc.,
   754 F.Supp.2d 527, 536 (E.D.N.Y. 2010) ----------------------------------------- 8

Foman v. Davis,
   371 U.S. 178, 182 (1962)------------------------------------------------------ 4, 9, 10

Forbus v. Sears Roebuck & Co.,
   30 F.3d 1402, 1405 (11th Cir. 1994) ---------------------------------------------- 3

Frey v. City of Herculaneum,
   44 F.3d 667, 672 (8th Cir. 1995)-------------------------------------------------- 3

Galustian v. Peter,
   591 F.3d 724, 729 (4th Cir. 2010) ------------------------------------------------ 3

Grochowski v. Phoenix Constr.,
   318 F.3d 80, 86 (2d Cir. 2003) --------------------------------------------------- 8

Holmes v. Grubman,
   568 F.3d 329, 334 (2d Cir. 2009) ------------------------------------------------ 4

iMedicor, Inc v. Access Pharmaceuticals, Inc.,
   290 F.R.D. 50,  (2013) ------------------------------------------------------------ 9

In re Best Payphones, Inc.,
   450 Fed.Appx. 8, 15 (2d Cir. 2011) ---------------------------------------------- 2

Jaroma v. Massey,
   873 F.2d 17, 20 (1st Cir. 1989).-------------------------------------------------- 19

## TABLE OF AUTHORITIES
(continued...)

**CASES**

Kassner v. 2nd Avenue Delicatessen,
   496 F.3d 229, 244 (2d Cir. 2007) ------------------------------------------12, 13

Keene Corp. v. United States,
   508 U.S. 200, 208 (1993)------------------------------------------------------ 22

Lentell v. Merrill Lynch & Co.,
   396 F.3d 161 (2d Cir. 2005) ------------------------------------------------9

Lindsey v. Normet,
   405 U.S. 56, 66 (1972)------------------------------------------------------ 21

Magee v. Paul Revere Life Insurance Co.,
   172 F.R.D. 647, 649 (E.D.N.Y. 1997)------------------------------------------3

Manus Sports Gloves, LLC v. Everlast Worldwide, Inc.,
   759 F.Supp.2d 459, 459–60 (S.D.N.Y. 2010)---------------------------------- 2

Merrill Lynch & Co., Inc.,
   273 F. Supp. 2d 351, 391 (S.D.N.Y. 2003) ----------------------------------9

Middle Atlantic Utilities Co. v. S. M. W. Development Corp.,
   392 F.2d 380, 384 (2d Cir. 1968) ------------------------------------------ 10

Milanese v. Rust-Oleum Corp.,
   244 F.3d 104, 110 (2d Cir. 2001) -------------------------------------------4

Miller v. American Heavy Lift Shipping,
   231 F.3d 242, 248 (6th Cir. 2000) ------------------------------------------3

Parker v. Columbia Pictures Indus.,
   204 F.3d 326, 340 (2d Cir. 2000) ------------------------------------------8

Penson v. Ohio,
   488 U.S. 75, 84 (1988)------------------------------------------------------ 22

Perfect Pearl Co., Inc. v. Majestic Pearl & Stone, Inc.,
   889 F.Supp.2d 453, 457 (S.D.N.Y. 2012) ----------------------------------8

**TABLE OF AUTHORITIES**
(continued...)

**CASES**

Peterson v. Ins. Co. of N. Am.,
   40 F.3d 26, 32 (2d Cir. 1994)----------------------------------------------------------9

Popp Telcom v. American Sharecom, Inc.,
   210 F.3d 928, 943- 944 (8th Cir. 2000)------------------------------------------ 12

Pradier v. Elespuru,
   641 F.2d 808, 810 (9th Cir. 1981). ------------------------------------------- 19

Presbyterian Church of Sudan v. Talisman Energy, Inc.,
   582 F.3d 244, 267 (2d Cir. 2009) --------------------------------------------------8

Raleigh & Gaston Ry. Co. v. Reid,
   80 U.S. (13 Wall.) 269, 270, 20 L.Ed. 570 (1871) ----------------------------- 22

Ricciuti v. Transit Authority,
   941 F.2d 119, 123 (2d Cir. 1991) ------------------------------------------------ 13

Richardson Greenshields Secs., Inc. v. Lau
   825 F.2d 647, 652 (2d Cir. 1987) -------------------------------------------------7

Ronzani v. Sanofi S.A.,
   899 F.2d 195, 199 (2d Cir. 1990) -------------------------------------------------4

S.S. Silberblatt, Inc. v. East Harlem Pilot Block--Building 1...,
   608 F.2d 28, 43 (2d Cir. 1979) ------------------------------------------------3, 6

Sanofi-Synthelabo v. Apotex, Inc.,
   363 F. Supp. 2d 592, 594 (S.D.N.Y. 2005).----------------------------------- 2

Shrader v. CSX Transp., Inc.,
   70 F.3d 255, 257 (2d Cir. 1995)------------------------------------------------- 2

Sims v. Blot,
   534 F.3d 117, 132 (2d Cir. 2008) -------------------------------------------------4

State Teachers Ret. Bd. v. Fluor Corp.,
   654 F.2d 843, 856 (2d Cir. 1981) ------------------------------------------------ 11

**TABLE OF AUTHORITIES**
(continued…)

State Trading Corp. of India v. Assuranceforeningen Skuld,
   921 F.2d 409, 418 (2d Cir. 1990) ------------------------------------------------ 9

United States v. Warren,
   601 F.2d 471, 473 (9th Cir. 1979) ----------------------------------------------- 19

United States v. Webb,
   655 F.2d 977, 979 (9th Cir. 1981) ----------------------------------------------- 3

Zenith Radio Corp v. Hazeltine Research, Inc.,
   401 U.S. 329, 330 (1971)-------------------------------------------------------- 4

**STATUTES**

28 U.S.C. § 2072(a) ------------------------------------------------------------- 20

H.R.Rep. No. 422, 99th Cong., 1st Sess. 27 (1985)------------------------------- 19

**RULES**

Fed. R. Civ. P. 7(b)(1) ---------------------------------------------------------- 20
Fed. R Civ. P. 12(g)(1)---------------------------------------------------------- 14
Fed. R. Civ. P. 12(b)(6)--------------------------------------------------------- 20
Fed. R. Civ. P. 12(d)------------------------------------------------------------ 15
Fed. R. Civ. P. 15(a)(2). -------------------------------------------------------3, 7
Fed. R. Civ. P. 15(a)(3)--------------------------------------------------------- 10
Fed. R. Civ. P. 16(b)(4)---------------------------------------------------------7
Fed. R. Civ. P. 24-------------------------------------------------------------- 14
Fed. R. Civ. P. 77(a)------------------------------------------------------------ 20
Fed. R. Civ. P. 83(a)(1)--------------------------------------------------------- 19
Individual Practices, ¶ 2.A------------------------------------------------------ 18
Individual Practices, ¶ 2.E------------------------------------------------------ 18

**OTHER AUTHORITIES**

Note, *Individual Judges' Practices: An Inadvertent Subversion of the
   Federal Rules of Civil Procedure*, 68 ST. JOHN'S L. REV. 1 (1994)-------------- 21

Resnik, Judith, *Managerial Judges,*
   96 HARV. L. REV. 376, 431 (1982) ---------------------------------------------- 21

## RELIEF SOUGHT

Pursuant to Local Civil Rule 6.3, Plaintiffs JAERED N. ANDREWS, COREY D. CLARK, JACOB JOHN SMALLEY, DONNIE WILLIAMS, TERRELL BRITTENUM, DERRELL BRITTENUM, THOMAS DANIELS, AKRON WATSON, JU'NOT JOYNER, and CHRIS GOLIGHTLY (collectively, "Plaintiffs"), via their counsel, hereby submit this memorandum of law in support of Plaintiffs' Motion for Reargument of the District Court's ORDER, dated April 29, 2014 [Docket No. 65][1] and, by way of incorporation by reference, a segment of the District Court's ORDER, dated January 27, 2014. [Docket No. 43][2]

Plaintiffs respectfully request that the Court GRANT Plaintiffs' Motion for Reargument, pursuant to Local Rule 6.3, <u>and</u>, for good cause shown herein, GRANT Plaintiffs Leave to File an Amended Pleading Under Rule 15(a)(2) to add Jermaine Jones; <u>and</u> to INSTRUCT the Clerk of Court to docket as filed Plaintiffs' motion pursuant to Rule 12(i) of the Federal Rules of Civil Procedure [Docket No. 54 *or* 59/61]; <u>and</u> to docket as filed Plaintiffs' motion to convert pursuant to Rule 12(d) [Docket Nos. 57-58]; <u>and</u>, in the furtherance of justice, to docket as filed Plaintiff's supplemental memorandum of law on Counts XIII-XI [Docket No. 64].  Finally, if it may please the Court, Plaintiffs' motions under

---

[1] Plaintiffs challenge those portions of the ORDER [Docket No. 65] which: (a) <u>denied</u> Plaintiffs' motion to amend its pleading under Rule 15(a)(2) to add Jermaine Jones as plaintiff; [Docket No. 56/60] (b) <u>denied</u> Plaintiffs' request for a pre-motion conference and leave to file Plaintiffs' Motion Pursuant to Rule 12(i) for an Evidentiary Hearing on Statute of Limitations [Docket No. 54]; (c) <u>denied</u> Plaintiffs' request for a pre-motion conference and leave to file Plaintiffs' Motion Pursuant to Rule 12(i) for an Evidentiary Hearing on Statute of Limitations [Docket No. 54].

[2] On January 27, 2014, upon granting Plaintiffs' first motion to amend its pleading under Rule 15(a)(2), the Court stated as follows: relevant segment reads: "This will be the final time that plaintiffs are granted leave to amend their complaint." [Docket No. 43, p. 2]

Rule 12(d) and Rule 12(i) should be JOINED with Defendants' motion to dismiss under Rule 12(b)(6) [Docket No. 48], as is expressly permitted by Rule 12(g)(1).

## LEGAL STANDARD

A party seeking reargument pursuant to Local Civil Rule 6.3 must demonstrate that the Court overlooked controlling decisions or factual matters "that might materially have influenced its earlier decision." See Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995) (to prevail on a motion for reconsideration, the movant must "point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."). In the alternative, the movant must "demonstrate the need to correct a clear error or prevent manifest injustice." Sanofi-Synthelabo v. Apotex, Inc., 363 F. Supp. 2d 592, 594 (S.D.N.Y. 2005).[3]

As more fully detailed below, Plaintiffs' motion for reargument pursuant to Local Civil Rule 6.3 satisfies the applicable standards.

---

[3] "In this Circuit, district judges have, in some cases, construed pre-motion letters as the motions themselves and denied the motions." In re Best Payphones, Inc., 450 Fed.Appx. 8, 15 (2d Cir. 2011); citing Manus Sports Gloves, LLC v. Everlast Worldwide, Inc., 759 F.Supp.2d 459, 459–60 (S.D.N.Y. 2010) (construing letter request for pre-motion conference as a motion for partial judgment on the pleadings and denying the motion); Abdell v. City of New York, 2006 WL 2620927, at *1 (S.D.N.Y. Sept.12, 2006)  (construing request for pre-motion conference as motion to amend and denying the motion).

# ARGUMENT

## POINT I

### THE DISTRICT COURT OVERLOOKED THE LEGAL STANDARDS THAT GOVERN PLAINTIFFS' MOTION FOR LEAVE TO FILE AN AMENDED PLEADING UNDER RULE 15(a)(2)

Rule 15(b)(2) of the Federal Rules Of Civil Procedure provides in relevant part that "a party may amend its pleading only with ... the court's leave." Fed. R. Civ. P. 15(a)(2). Leave to amend a pleading should be "freely given when justice so requires." Id.

### A.   THE THRUST OF RULE 15(A) IS TO ENSURE THAT CASES ARE TRIED ON THE MERITS RATHER THAN ON TECHNICALITIES

"The purpose of Rule 15(a) is "to facilitate decision on the merits, rather than on the pleadings or technicalities." United States v. Webb, 655 F.2d 977, 979 (9th Cir. 1981); accord S.S. Silberblatt, Inc. v. East Harlem Pilot Block-- Building 1..., 608 F.2d 28, 43 (2d Cir. 1979) (the policy of Rule 15(a) favors permitting the parties to obtain an adjudication of the merits); Magee v. Paul Revere Life Insurance Co., 172 F.R.D. 647, 649 (E.D.N.Y. 1997) (amendment under Rule 15(a) reflects "public policy favoring the efficient resolution of disputes on their full merits").[4]

---

[4] The policy to freely grant motions to amend pursuant to Fed. R. Civ. P. 15(a)(2) is uniformly applied in all circuits. See, e.g., ACA Fin. Guar. Corp. v. Advest, Inc., 512 F.3d 46, 55 (1st Cir. 2008) (Fed. R. Civ. P. 15(a) reflects liberal amendment policy); Shane v. Fauver, 213 F.3d 113, 115-117 (3d Cir. 2000) (leave must be given freely); Galustian v. Peter, 591 F.3d 724, 729 (4th Cir. 2010) ("It is this Circuit's policy to liberally allow amendment in keeping with the spirit of Federal Rule of Civil Procedure 15(a)."); Engstrom v. First Nat'l Bank of Eagle Lake, 47 F.3d 1459, 1464 (5th Cir. 1995) (leave freely given); Miller v. American Heavy Lift Shipping, 231 F.3d 242, 248 (6th Cir. 2000) ("[T]he thrust of Rule 15 is to reinforce the principle that cases 'should be tried on their merits rather than the technicalities of pleadings.... Thus, a court will permit a party to add even a new legal theory in an amended pleading as long as it arises out of the same transaction or occurrence."); Bausch v. Stryker Corp., 30 F.3d 546, 562 (7th Cir. 2010).

**B.** **THE HONORABLE COURT ERRED BY NEGLECTING TO PROVIDE A VALID BASIS FOR THE DENIAL OF PLAINTIFFS' MOTION UNDER RULE 15(A)(2)**

"The grant or denial of an opportunity to amend [a complaint] is within the discretion of the district court." Foman v. Davis, 371 U.S. 178, 182 (1962); citing Zenith Radio Corp v. Hazeltine Research, Inc., 401 U.S. 329, 330 (1971). As per the U.S. Supreme Court, when a district court fails to state the basis for its denial, abuse of discretion occurs.  See Foman, 371 U.S. at 182at :

> "[R]efusal to grant [] leave [to amend] without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules."

Foman, 371 U.S. at 182.

In the Second Circuit, "[o]utright refusal to grant the leave without any justifying reason for the denial is an abuse of discretion." Asset Mgmt. Assocs. of N.Y., Inc. v. Emerson Telcom. Prods. LLC, 2010 U.S. App. LEXIS 20589, *3-*5 (2d Cir. 2010) (vacating judgment); Ronzani v. Sanofi S.A., 899 F.2d 195, 199 (2d Cir. 1990) (district court erred because "[i]n dismissing the amended complaint...the district court … gave no reason for denying it"); Sims v. Blot, 534 F.3d 117, 132 (2d Cir. 2008)  ("A district court has abused its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or rendered a decision that cannot be located

---

(denial of leave to amend is disfavored; district court should ordinarily grant leave to amend at least once before dismissal); Frey v. City of Herculaneum, 44 F.3d 667, 672 (8th Cir. 1995) (court should grant leave, especially when plaintiff has shown ability to cure lack of specificity); DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987) ("the Court has discretion in deciding whether to grant leave to amend, but it 'must be guided by the underlying purpose of Rule 15 - to facilitate decision on the merits rather than on the pleadings or technicalities.'"); Forbus v. Sears Roebuck & Co., 30 F.3d 1402, 1405 (11th Cir. 1994).

within the range of permissible decisions.").  It is well-established that a district court should not deny a motion to amend under Rule 15(a)(2) unless there is evidence of undue delay, undue prejudice to the defendant, bad faith, or the proposed amendment would be futile.  Foman, 371 U.S. at 182; Holmes v. Grubman, 568 F.3d 329, 334 (2d Cir. 2009); Milanese v. Rust-Oleum Corp., 244 F.3d 104, 110 (2d Cir. 2001).

Here, in denying Plaintiffs' motion for leave to file under Rule 15(a)(2), the District Court did not cite any one of the criteria identified by Courts that may warrant denial of a plaintiff's motion to amend.  See Burch v. Pioneer Credit Recovery, Inc., 551 F.3d 122, 126 (2d Cir. 2008) ("[M]otions to amend should generally be denied in instances of futility, undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or undue prejudice to the non-moving party.").

Instead, the Court invoked the "history of the case" and the Court's generosity in granting Plaintiff's first Rule 15(a)(2) motion for leave to amend the complaint.  [Docket No. 65, p. 3].  The relevant portion of the Order, dated April 29, 2014, reads in its entirety:

> "Plaintiffs' first request – for leave to file a Fourth Amended Complaint – is denied.  In our January 24, 2014 order, which granted plaintiffs leave to file a third complaint, we made clear that that would be "the final time that plaintiffs are granted leave to amend their complaint."  The history of this case simply militates against departing from our earlier pronouncement which was, under the circumstances, certainly generous." [Docket No. 65, p. 3].

First, the Court's reference to the "history of the case" as a basis to deny Plaintiff's Rule 15(a)(2) motion is not one of the valid grounds recognized for

5

denial. Even if the "history of the case" refers to the fact that Plaintiffs already twice amended the pleading before its latest request under Rule 15(a)(2), the number of amendments filed in the action thus far – standing alone –  is not a recognized factor for denial.[5]

Second, the District Court's Order, dated April 29, 2014, denying Plaintiffs' Rule 15(a)(2) motion is predicated on a segment of the Court's previous Order, dated January 27, 2014, which imposes a flat prohibition on Plaintiffs' ability to file any *future* amendments.[6]  The language in the Court's previous Order, dated January 27, 2014, to prohibit future amendments to the pleading runs contrary to the express mandate of Rule 15(a) ("freely given"), does not take into account the change of circumstances that may warrant a further amendment, and may frustrate the objective to decide cases with the same set of facts and issues based on the merits.  See S.S. Silberblatt, Inc., 608 F.2d at 43.

Third, Rule 16 of the Federal Rules contemplates that a Scheduling Order will govern the timeliness of a Rule 15(a)(2) motion for leave to file an amended complaint made during the initial pleading phase.  See Fed R. Civ. P. 16(b)(3)(A) ("The scheduling order must limit the time to join other parties,

---

[5] This is particular true before Defendants have filed their answer. An exception may apply if there was "repeated failure to cure deficiencies by amendments previously allowed." Burch, 551 F.3d at 126 But as explained further below, this is not a valid basis for denial here because Plaintiffs' transparent intent is to add a key plaintiff – Jermaine Jones – whose participation in the lawsuit was not reasonably foreseeable until April 4, 2014.  See Plaintiffs' Letter for a Pre-Motion Conference, dated April 11, 2014.  [Docket No. 56, p. 1]

[6] Because the Court has expressly incorporated by reference a segment of its previous Order, dated January 24, 2014, into the present challenged Order, dated April 29, 2014, Plaintiffs contend that the present Motion for Reargument is timely with respect to that segment.

amend the pleadings, complete discovery, and file motions."); accord <u>Kassner v.</u> <u>2nd Ave. Delicatessen, Inc.</u>, 496 F.3d 229, 244 (2d Cir. 2007) ("[W]e hold that amendment of a pleading as a matter of course pursuant to Rule 15(a)  is subject to the district court's discretion *to limit the time for amendment of the pleadings in a scheduling order* issued under Rule 16(b)."). (italics added). The Court has declined to schedule a Rule 16 conference in this matter.   <u>See</u> Docket No. 65, p. 3.  Notwithstanding, upon granting Plaintiff's first motion to amend its pleading under Rule 15(a)(2), the District Court prospectively *foreclosed* Plaintiffs' ability to amend its pleading under the Federal Rules by way of Order, dated January 27, 2014 [Docket No. 43, p. 3]. Unlike Rule 16, which merely places a time limitation on the parties' ability to amend a pleading after an initial scheduling order is entered; the Court's Order [Docket No. 44] foreclosed the granting of a prospective Rule 15(a)(2) motion in its entirety.[7]

In short, the District Court's Order, dated April 29, 2014, does not provide valid justification for departure from the governing legal standards used by Courts to consider a grant of leave under Fed. R. Civ. P. 15(a)(2).

### C.  PLAINTIFFS SHOWED "GOOD CAUSE" IN SEEKING THE AMENDMENT

Even if the challenged portion of the Order, dated January 27, 2014

---

[7] Under the law of the Second Circuit, the Court's prohibition on amended pleadings, as expressed in the Order, dated January 27, 2014, is manifestly erroneous.  <u>See e.g.,</u> <u>Richardson</u>, 825 F.2d at 652 ("Absent extraordinary circumstances, ... a court has no power to prevent a party from filing pleadings, motions or appeals authorized by the Federal Rules  of Civil Procedure."); <u>Wechsler v. Hunt Health Systems, Ltd.,</u> 216 F.Supp.2d 347, 357 fn. 3 (S.D.N.Y. 2002) (Leisure, J.) ("It is well settled that this Court cannot prevent a party from making a motion that it is entitled to bring under the Federal Rules of Civil Procedure.")

[Docket No. 43], was deemed equivalent in effect to a Rule 16 scheduling order, Plaintiffs have satisfied the standard of "'good cause" that governs amendments to the complaint. See Fed. R. Civ. P. 16(b)(4)  ("A schedule may be modified only for good cause and with the judge's consent.").  "The lenient standard under Rule 15(a), which provides leave to amend 'shall be freely given,' must be balanced against the requirement under Rule 16(b) that the Court's scheduling order 'shall not be modified except upon a showing of good cause.'" Grochowski v. Phoenix Constr., 318 F.3d 80, 86 (2d Cir. 2003).

"[A] finding of 'good cause' depends on the diligence of the moving party," Presbyterian Church of Sudan v. Talisman Energy, Inc., 582 F.3d 244, 267 (2d Cir. 2009) (quoting Parker v. Columbia Pictures Indus., 204 F.3d 326, 340 (2d Cir.2000), meaning that "despite its having exercised diligence, the applicable deadline could not have been reasonably met." Perfect Pearl Co., Inc. v. Majestic Pearl & Stone, Inc., 889 F.Supp.2d 453, 457 (S.D.N.Y. 2012) (citation omitted). "[T]he good cause standard is not satisfied when the proposed amendment rests on information that the party knew, or should have known, in advance of the deadline." Enzymotec Ltd. v. NBTY, Inc., 754 F.Supp.2d 527, 536 (E.D.N.Y. 2010).

Here, in denying Plaintiffs' motion pursuant to Rule 15(a)(2), the Court overlooked evidence on the record of "good cause" that warrants the amendment.[8]

---

[8] See Plaintiffs' letter request for a pre-motion conference, dated April 11, 2014. [Docket No. 56, p. 1] (Plaintiffs' counsel: "I attest under the penalty of perjury that Mr. Jones' participation in this lawsuit was not reasonably foreseeable until on or about April 4, 2014.")].

**D.    NONE OF THE RECOGNIZED FACTORS THAT WARRANT DENIAL OF A RULE 15(A)(2) MOTION TO AMEND THE PLEADING ARE PRESENT HERE**

The U.S. Supreme Court requires that a district court's denial of leave to amend a pleading be based on a valid ground in order to withstand appellate review under the abuse of discretion standard.  Foman v. Davis, 371 U.S. 178, 182 (1962); accord AEP Energy Servs. Gas Holding Co. v. Bank of Am., 626 F.3d 699, 725 (2d Cir. 2010) (leave must be freely granted in the absence of showing by non-movant of prejudice or bad faith); Peterson v. Ins. Co. of N. Am., 40 F.3d 26, 32 (2d Cir. 1994) (on remand, district court should decide whether any circumstances exist that would defeat rule that leave be freely given).  As explained below, none of the recognized factors are present here.

**(1)    "Undue Delay" is NOT a Valid Basis For Denial in this Case**

When a "moving party has had an opportunity to assert [an] amendment earlier, but has waited until after judgment before requesting leave" to add a new claim, a court may "exercise its discretion [in considering leave to amend] more exactingly." State Trading Corp. of India v. Assuranceforeningen Skuld, 921 F.2d 409, 418 (2d Cir. 1990); see also Merrill Lynch & Co., Inc., 273 F. Supp. 2d 351, 391 (S.D.N.Y. 2003) (leave to amend is properly denied when, inter alia, plaintiffs wait until dismissal of their claims before requesting leave to amend), aff'd, Lentell v. Merrill Lynch & Co., 396 F.3d 161 (2d Cir. 2005).[9]

---

[9] See also Berman v. Parco, 986 F. Supp. 195, 217 (S.D.N.Y. 1997) ("[T]he Court may deny a motion to amend when the movant knew or should have known of the facts upon which the amendment is based when the original pleading was filed, particularly when the movant offers no excuse for the delay."). "Delay alone does not provide a basis for denying leave to amend." iMedicor, Inc v. Access Pharmaceuticals, Inc., 290 F.R.D. 50,  (2013)

In the Order, dated April 29, 2014, the Court did not cite "undue delay" as a reason for denying Plaintiffs' motion for leave to amend.  [Docket No. 65]. In their opposition to the Court, dated April 14, 2014, Defendants appear to argue "undue delay" by citing the eight months that have passed since the filing of the initial complaint.  Such a relatively small period of time cannot fairly be described as "undue delay."  E.g., Middle Atlantic Utilities Co. v. S. M. W. Development Corp., 392 F.2d 380, 384 (2d Cir. 1968) (three-year delay from the filing of the initial complaint was inadequate basis for denying a motion to amend).

This case remains at "square one" and Defendants have themselves to blame. Defendants have not filed a timely answer under Rule 8, nor have they filed a "required response" under Fed. R. Civ. P. 15(a)(3).  They have blocked requests to participate in a Rule 26(f) conference.  The District Court has stayed discovery without holding an initial case management conference. Finally, there has been no judgment on the merits and Plaintiffs did not wait until an adverse judgment was rendered before requesting leave to amend.[10]

## (2)  "Bad Faith" is NOT a Valid Basis for Denial in This Case

Bad faith is another factor to be considered when evaluating whether to grant leave to amend under Rule 15(a)(2).  See Foman, 371 U.S. at 182.  In the Order, dated April 29, 2014, the Court did not cite "bad faith" as a reason for

---

[10] Even if undue delay here present here – which it is not  – such reason alone "is insufficient to justify denying a motion to amend" where "the district court did not provide a contemporaneous specific finding of prejudice to the opposing party, bad faith by the moving party, or futility of the amendment." Bowles v. Reade, 198 F.3d 752, 758 (9th Cir. 1999).

denying Plaintiffs' motion for leave to amend.  [Docket No. 65]  Nor have the Defendants argued bad faith in their opposition to the Court on April 14, 2014. [Docket No. 60, p. 2].

To the contrary, Plaintiffs are requesting leave to amend in *good faith*. Even before Jermaine Jones retained Plaintiffs' counsel to proceed on his behalf, Mr. Jones' experience with the *American Idol* program comprised an integral part of this litigation. Indeed, but for Mr. Jones' disqualification from the *American Idol* contest, this lawsuit would not exist.  It is therefore unjust to exclude such a central figure as Jermaine Jones as a plaintiff, particularly at the earliest stage of litigation before any dispositive motion has been decided or discovery has been had.

### (3)    "Undue Prejudice" is NOT a Valid Basis for Denial in this Case

"Amendment may be prejudicial when . . . it would 'require the opponent to expend significant additional resources to conduct discovery and prepare for trial' or 'significantly delay the resolution of the dispute.'" AEP Energy Servs. Gas Holding Co. v. Bank of Am., N.A., 626 F.3d 699, 725 (2d Cir. 2010); Block v. First Blood Assocs., 988 F.2d 344, 350 (2d Cir. 1993).

In the Order, dated April 29, 2014, the Court did not cite "undue prejudice" as a reason for denying Plaintiffs' motion for leave to amend. [Docket No. 65]  Nor have the Defendants argued "undue prejudice" in their opposition to the Court on April 14, 2014. [Docket No. 60, p. 2].

Plaintiffs' amendment at this time will not cause "undue prejudice" to Defendants because no discovery has taken place and no trial date has been

scheduled.  See State Teachers Ret. Bd. v. Fluor Corp., 654 F.2d 843, 856 (2d Cir. 1981) ("This is not a case where the amendment came on the eve of trial and would result in new problems of proof.  At the time plaintiffs requested leave to amend, no trial date had been set by the court and no motion for summary judgment had yet been filed by the defendants."). [11]

Moreover, any new allegations and claims in the amended complaint arise directly from many of the facts alleged and claims asserted in this action [Docket Nos. 1, 30, 45].  Defendants have thus had full and fair notice of the nature of Mr. Jones' claims and the grounds upon which these claims rest and could not conceivably claim any prejudice at this early stage of the proceeding, before any Defendant has even filed an Answer.  See Popp Telcom v. American Sharecom, Inc., 210 F.3d 928, 943- 944 (8th Cir. 2000) (finding district court abused its discretion in denying leave to amend where proposed claims were premised on same facts).

### (4)   "Futility" is NOT a Valid Basis for Denial in this Case

Leave to amend may properly be denied if the amendment would be futile. Anderson News, L.L.C. v. American Media, Inc., 680 F.3d 162, 186 (2012) citing Foman, 371 U.S. at 182.  Futility may be established when the proposed new pleading fails to state a claim on which relief can be granted. See Ricciuti v. N.Y.C. Transit Authority, 941 F.2d 119, 123 (2d Cir. 1991). A proposed amendment is futile if none of the amended claims could withstand a Rule

---

[11] See also ATO RAM, II, Ltd. v. SMC Multimedia Corp., 2004 U.S. Dist. LEXIS 5810, at *21-*22 (S.D.N.Y. 2004) (granting leave to replead and stating that "when discovery has not yet ensued, courts typically grant leave to amend").

12(b)(6) motion to dismiss. <u>Kassner v. 2nd Avenue Delicatessen</u>, 496 F.3d 229, 244 (2d Cir. 2007) ("the complaint ... is, with respect to some claims, sufficient to withstand a motion to dismiss under Rule 12(b)(6)").

Here, the Court has not cited "futility" as a reason for denying Plaintiffs' motion for leave to amend.  [Docket No. 65].  Nor have the Defendants argued futility in their letter to the Court on April 14, 2014. [Docket No. 60, p. 2].[12]

**(5)   The "Repeated Failure To Cure Deficiencies By Amendments Previously Allowed" is NOT a Valid Basis**

Finally, the Second Circuit recognizes that a plaintiff's "repeated failure to cure deficiencies by amendments previously allowed" may be grounds for the Court to deny leave to amend under Rule 15(a)(2). <u>Burch v. Pioneer Credit Recovery, Inc.</u>, 551 F.3d 122, 126 (2d Cir. 2008).

In the Order, dated April 29, 2014, the Court did not cite "repeated failures to cure deficiencies" as a reason for denying Plaintiffs' motion for leave to amend.  [Docket No. 65].  Defendants, on their part, appear to argue in their opposition to the Court, dated April 14, 2014, that "multiple amendments" should be grounds for denial. [Docket No. 60, p. 2].  However, they do not argue that Plaintiffs are seeking to amend to cure deficiencies which could have been cured in the past.   Moreover, plaintiffs are not seeking to cure any deficiencies in the Third Amended Complaint (Defendants have incredibly

---

[12] Defendants argued in their opposition, dated April 14, 2014, that amendment would be "meritless" because Mr. Jones allegedly signed a release with a number of the Defendants concerning his disqualification. To the extent such release can be authenticated, and whether it may be deemed legally binding are matters beyond the four corners of the pleading and under Rule 12(d), cannot be decided on Rule 12(b)(6).  Therefore, the release alleged by Defendants has absolutely no bearing on whether the Court should grant leave to amend under Rule 15(a)(2). <u>See, e.g.</u>, <u>Ricciuti</u>, 941 F.2d at 123; <u>Kassner</u>, 496 F.3d at 244.

based its central arguments in support of Rule 12(b)(6) on superseded factual allegations set forth in the Amended Complaint.  In sum, the "repeated failure to cure deficiencies" is not a valid basis for the Court's denial in this instance.

**E.    DENIAL OF PLAINTIFFS' MOTION TO AMEND IS *HIGHLY* PREJUDICIAL TO PLAINTIFFS AND MR. JONES**

An order denying a motion to amend a pleading is not appealable as a "final decision" within the meaning of 28 U.S.C. § 1291.  See D'Ippolito v. Cities Serv. Co., 374 F.2d 643, 648 (2d Cir.1967).  Here, the statute of limitations is running on Mr. Jones' claims and he cannot wait until final judgment before asserting hic claims.  Accordingly, if the Court denies this Motion for Reargument, Jermaine Jones will seek to exhaust other remedies to join the suit by way of motion practice, e.g., Fed. R. Civ. P. 24.  If further motions are denied, however, Mr. Jones, via counsel, will need to purchase a new index number and file a separate action with the intent to consolidate his complaint with the present action. This will impose an additional tax on resources with respect to all parties involved and could also result in inconsistent determinations.  Plaintiffs aver, in the interests of justice, that an amendment at this juncture would be preferable to the docketing of a new proceeding.

**POINT II**

**PLAINTIFFS' MOTIONS PURSUANT TO RULE 12(i) AND RULE 12(d) COMPORT WITH THE FEDERAL RULES OF CIVIL PROCEDURE**

**A.    PLAINTIFFS' MOTIONS UNDER RULE 12 ARE CONSISTENT WITH THE PURPOSE FOR WHICH THOSE SPECIFIC RULES WERE ENACTED**

Rule 12(g)(1) expressly provides that "[a] motion under this rule may be

joined with any other motion allowed by this rule." Fed. R Civ. P. 12(g)(1). Thus, the drafters of the Federal Rules contemplated that during the crucial pleading phase, the litigants could file *more than one motion* under Rule 12.

**(1)   Rule 12(d) and Rule 12(i) Expressly Contemplate That They are Both Independent From and Co-Extensive with Rule 12(b)(6).**

The statutory text of both Rule 12(d) and Rule 12(i) contemplate that motions may be made under those specific rules, which means separate and apart from a motion made under Rule 12(b)(6). Rule 12(d) expressly contemplates that a plaintiff may file a motion to convert a Rule 12(b)(6) to one for Rule 56. Fed. R. Civ. P. 12(d). Similarly, Rule 12(i) contemplates that a litigant may elect to file a motion under that specific Rule to defer any matter that was raised by a defendant on a Rule 12(b)(6) motion for purposes of conducting a special evidentiary hearing. Rule 12(i) is not often employed by Courts, but its purpose is to expediently resolve threshold or jurisdictional issues that hinge on a material issue of fact. Plaintiffs are following the "plain meaning" of the Rules and utilizing them for the express purpose for which they were enacted.

**(2)   The Arguments Raised in Plaintiffs' Rule 12(i) and Rule 12(d) Motions are Germane to the Relief Sought Under These Rules**

During the briefing schedule of Defendants' second pre-answer motion pursuant to Rule 12(b)(6), Plaintiffs moved the Court for leave to file a motion pursuant to Rule 12(i) to properly address Defendants' affirmative defense of

statute of limitations.[13] Plaintiffs' motion under Rule 12(i) was made for the express purpose for which Rule 12(i) was enacted, and was brought in response to an affirmative defense which raises mixed questions of fact and law that implicate the attorney-client privilege.  Moreover, Defendants attempted to lay another procedural trap by claiming that Plaintiffs failed to plead facts sufficient to support their claims of discovery of the causes of action in the wake of Jermaine Jones' March 2012 disqualification. Knowing, however, that Plaintiffs' lead counsel played a role in the process of discovering the claims, they argue that counsel may not testify on behalf of clients.  Under these "Catch-22" circumstances, there is likely not a more perfect use for a Rule 12(i) motion for special hearing than the multi-faceted statute of limitations issues presented here.

Similarly, Defendants have exceeded the statutory parameters of Rule 12(b)(6) by pleading their own set of unsubstantiated factual allegations in their principal brief.  [Docket No. 48, see Docket Nos. 58, pp. 4-8]. And they have attempted to circumvent the Third Amended Complaint by invoking allegations from the superseded Abbreviated Complaint.  See Docket Nos. 58, pp. 4-8]. A motion pursuant to Rule 12(d) is the proper procedure to address these extraneous matters.

---

[13] On March 31, 2014, Plaintiffs filed its Rule 12(i) motion by seeking leave of Court (rather than simply filing outright). [See Docket No. 54] This filing represented a good faith effort on Plaintiffs' part to respect the Court's pre-motion procedures and to comply with the spirit of Individual Practice Rule ¶ 2.A.

**(3)    Plaintiffs' Motions Under Rule 12(i) and Rule 12(d) are in Compliance with the Court's Page Limitations**

With respect to the Court's page limitations, Individual Practices, ¶ 2.E. provides that: "Unless prior permission has been granted, memoranda of law in support of and in opposition to motions are limited to 25 pages." The Individual Practices are silent with respect to rules governing cross-motions (or co-extensive motions). <u>Cf.</u> Federal Rules of Appellate Procedure 28.1 (prescribing page limitations in the event a cross-appeal is filed).   Although the Court's conclusion stated in its Order, dated April 29, 2014, that Plaintiffs attempted an "end-run" around ¶ 2.E of the Individual Practices, Plaintiffs have <u>not</u> improperly leveraged Rule 12(i) nor Rule 12(d) for the purpose of acquiring additional pages to argue Rule 12(b)(6) issues.   Indeed, it places an undue burden on Plaintiffs to be forced to brief additional motions in response to Defendants' principal brief on Rule 12(b)(6).   <u>This additional motion practice is Defendants' fault</u>.   They have elected to utilize Rule 12(b)(6) for an improper purpose that is not authorized by the statute – to proffer their own set of factual allegations and to establish the legal sufficiency of their own, multi-faceted affirmative defenses.   Defendants' attempt to leverage Rule 12(b)(6) in this fashion triggers Plaintiffs' right to move under collateral Rule 12 motions to address the extraneous matters raised by Defendants' principal Rule 12 brief.[14]

---

[14]  If Defendants were utilizing Rule 12(b)(6) for the purpose for which it was enacted, i.e., to test the legal sufficiency of factual allegations set forth in Plaintiffs' Third Amended Complaint, there would be no need for Plaintiffs to file co-extensive motions under Rule 12(i) or Rule 12(d). As this case demonstrates, the premature invocation of affirmative defenses should be

Plaintiffs respectfully submit that they acquire additional briefing space, by operation of the Federal Rules, as a result of Defendants' election to assert affirmative defenses, extraneous matters and unsupported factual allegations in the four corners of their Rule 12(b)(6).  Defendants complained of the additional pages in their Reply brief, but they should have known that their assertion of affirmative defenses and other extraneous matters can trigger independent cross-motions under Rule 12 and Rule 56 to dispose of such defenses as well as exclude such matters.[15]

In sum, at no time during the briefing process did Plaintiffs consciously seek to evade the Court's Individual Practices. And the Court may have overlooked that any additional briefing space acquired by way of Plaintiffs' collateral Rule 12 motions are simply part of the overall design of Rule 12, as envisioned by the Drafters of the Federal Rules, who enacted various different procedural tools to counteract a defendant's attempt to improperly "frontload" a Rule 12(b)(6) motion with arguments best left for Rule 56.

---

prohibited by Courts, not necessarily because certain threshold issues cannot be decided at the early pleading phase, but because it is far more burdensome for Plaintiffs to disprove a pre-answer affirmative defense than to explain the legal sufficiency of their own well-pled factual allegations.  Affirmative defenses made on Rule 12(b)(6) lay a procedural trap that forces Plaintiffs to multiply their efforts in response and, as here, increases the probability of technical forfeiture when efforts are made to address these arguments on the merits.

[15] Plaintiffs are remiss for not requesting a pre-motion conference under Individual Practices, ¶ 2.A at some point in time before the filing of its opposition brief on March 31, 2014. However, Plaintiffs contend that the deadline to file a Rule 12(i) or Rue 12(d) motion is not fixed by the Rule 12(b)(6) briefing schedule. Plaintiffs nonetheless attempted to comply with the spirit of the Individual Practices, while "on the clock," by *seeking leave* to file their collateral Rule 12 motions. At the time, Plaintiffs (via their counsel) viewed the purpose of the rule satisfied by making a request via leave.  He has since come to grasp the distinction.

**B.    LOCAL RULES CANNOT BE CONSTRUED SO AS TO CONFLICT WITH OR IMPEDE THE OPERATION OF THE FEDERAL RULES**

In this section, because Plaintiffs' meritorious arguments have been stricken as a result of technical non-compliance with the Court's Individual Practices, ¶ 2.A, Plaintiffs must respectfully challenge the constitutionality of pre-motion procedural requirements as applied to cross, collateral or co-extensive motions filed "on the clock" (i.e., via deadline) in response to a Rule 12(b)(6) motion.

District courts may adopt any rule that is "not inconsistent with the federal rules or Acts of Congress." United States v. Warren, 601 F.2d 471, 473 (9th Cir. 1979); Fed. R. Civ. P. 83(a)(1)  (a "local rule must be consistent with—but not duplicate—federal statutes and rules"). "Local district court rules cannot be construed in such a way as to render them inconsistent with applicable provisions of the Federal Rules of Civil Procedure." Jaroma v. Massey, 873 F.2d 17, 20 (1st Cir. 1989). In the event that a local rule conflicts with a federal rule, the local rule  "cannot be enforced." Pradier v. Elespuru, 641 F.2d 808, 810 (9th Cir. 1981).[16]

In order to prevent frivolous motion practice, the Court's Individual Practice Rule ¶ 2.A. requires that litigants to request a pre-motion conference for "any motion" (with listed exceptions). Plaintiffs recognize that pre-motion conferences are a valuable tool to assist the Court in managing its docket and

---

[16] Local rules that are in conflict with the Federal Rules or Acts of Congress are nullities. See 28 U.S.C. § 2071(a); Frazier, 482 U.S. at 646, 107 S.Ct. at 2611; Baylson v. Disciplinary Bd. of Supreme Court of Pennsylvania, 764 F.Supp. 328, 335-336 (1991).  The test is "whether the local rule can co-exist with the general rule without negating the purpose of the general rule." H.R.Rep. No. 422, 99th Cong., 1st Sess. 27 (1985) (quoting Colgrove v. Battin, 413 U.S. 149, 164 n. 23, 93 S.Ct. 2448, 2456 n. 23, 37 L.Ed.2d 522 (1973).

to discourage frivolous motion practice.  However, Plaintiffs respectfully submit the Court's pre-motion conference requirement cannot be fairly enforced in instances where it: (1) conflicts with an Act of Congress; (2) violates procedural due process by creating a risk of technical default on the merits; (3) impedes the adversarial process between the litigants.

**(1)    An Act of Congress, 28 U.S.C. § 2072(a), Pre-Empts Application of Pre-Motion Procedures to Motions Under Rule 12(d) and Rule 12(i)**

Rule 7 of the Federal Rules of Civil Procedure provides for litigants to file motions freely. <u>See</u> Fed. R. Civ. P. 7(b)(1) (providing generally for filing of motions). Rule 77(a) provides that "Every district court is considered always open for filing any paper, issuing and returning process, making a motion, or entering an order." <u>See</u> Fed. R. Civ. P. 77(a). The Court's ability to limit the filing of motions is constricted by pre-emption through an Act of Congress. <u>See</u> 28 U.S.C. § 2072(a) (prescribing "general rules of practice and procedure … for cases in the United States district courts … and courts of appeals."  Congress provides that "all laws in conflict with such rules shall be of no further force or effect after such rules have taken effect." 28 U.S.C. § 2072(a).

Rule 12(i) and Rule 12(d) were expressly designed to be adjudicated in *some connection* with a defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).  Plaintiffs respectively submit that, to the extent the Order, dated April 29, 2014 [Docket No. 65] prevents Plaintiffs from filing *co-extensive* motions under Rule 12(i) and Rule 12(d), the Court's Individual Practices ¶¶

2.A, 2.E stand in conflict with the "plain meaning" of the Federal Rules.[17]

Therefore, Plaintiff contend that an Act of Congress, 28 U.S.C. § 2072(a), pre-

empts the Court's instruction to the Clerk to strike such motions on grounds of

non-compliance with the Individual Practices.

**(2)     Pre-Motion Conference Requirements Impede Procedural Due Process With Respect To Rule 12(d) and Rule 12(i)**

When litigants are not afforded the opportunity to file a motion because

of an express prohibition, the litigant's due process rights are violated.  See,

e.g., Lindsey v. Normet, 405 U.S. 56, 66 (1972) ("Due process requires that

defendants be provided an opportunity to present *every available defense*")

(quoting American Surety Co. v. Baldwin, 287 U.S. 156, 168 (1932) (italics

added); Armstrong v. Manzo, 380 U.S. 545, 552 (1965) (procedural due process

requires that party have opportunity to be heard "at a meaningful time and in a

meaningful manner.").

> "[P]re-motion procedures raise serious due process[18] concerns that have been ignored in the inexorable drive towards increased judicial management. Planned and balanced judicial management should be encouraged, but not to the point of either conflict with the Federal Rules or infringement upon procedural due process."

See Note, *Individual Judges' Practices: An Inadvertent Subversion of the*

---

[17] Legal scholars have noted that "[r]equiring pre-motion conferences interferes with the goals of the original drafters of the Federal Rules . . . [where such requirement] obstructs litigants from filing motions in the manner provided in the Rules themselves."  See Note, *Individual Judges' Practices,* 68 ST. JOHN'S L. REV. 1 (1994).

[18] The Fourteenth Amendment provides, in pertinent part, that no "state shall deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, s. 1. The Supreme Court recognizes that a cause of action is a species of property protected by the Due Process Clause. See Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 313 (1950).

*Federal Rules of Civil Procedure*, 68 ST. JOHN'S L. REV. 1 (1994).[19]

Here, due process concerns are implicated by the pre-motion conference requirement on co-extensive motions brought under Rule 12(d) and Rule 12(i). Pre-motion procedures tend to place the non-movant in peril of forfeiture or technical default on the substantive merits of its claims. This is particularly true where the non-movant on a dispositive motion is required to submit responsive papers "on the clock." See Id. at 4. ("The delay inherent in trying to schedule (and often to reschedule) such a conference may inhibit litigants from making just and proper motions.")

Under the Federal Rules, Plaintiffs here were not required to file their co-extensive motions under Rule 12(d) and Rule 12(i) by seeking leave of court.[20] However, as explained above, these motions were timely filed as *motions for leave to file* in deference to the Court's Individual Practices and in good faith recognition of the purpose of pre-motion conferences to provide the Court an opportunity to narrow the material issues ripe for adjudication.

---

[19] See also Resnik, Judith, MANAGERIAL JUDGES, 96 HARV. L. REV. 376, 431 (1982) (outlining increased role of judges as managers and warning that this brings inherent risk to the adversarial process).

[20] As a maxim of statutory construction, *expressio unius est exclusion alterius* holds that "when Congress includes particular language in one section of a statute but omits it in another ... it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion." Keene Corp. v. United States, 508 U.S. 200, 208 (1993); see also Raleigh & Gaston Ry. Co. v. Reid, 80 U.S. (13 Wall.) 269, 270, 20 L.Ed. 570 (1871) ("[w]hen a statute limits a thing to be done in a particular mode, it includes a negative of any other mode.") In the Federal Rules of Civil Procedure, some motions must be made by "leave of court". See, e.g., Rule 15(a)(2). Motions made under Rule 12(i) and Rule 12(d), however, do not expressly require leave of court to file. The inclusion of the term "leave of court" in Rule 15(a)(2) demonstrates that the absence of such term on the face of Rule 12(i) and Rule 12(d) is purposeful.

**(3)   Pre-Motion Requirements Imposed on Co-Extensive Rule 12 Motions Interfere with the Adversarial Process**

"This system is premised on the well-tested principle that truth—as well as fairness—is 'best discovered by powerful statements on both sides of the question.'" See, e.g., Penson v. Ohio, 488 U.S. 75, 84 (1988); see also Polk County v. Dodson, 454 U.S. 312, 318 (1981) ("The system assumes that adversarial testing will ultimately advance the public interest in truth and fairness.").[21]

Here, the pre-motion conference requirement, which Defendants themselves have abjectly failed to comply with in filing their second pre-answer motion pursuant to Fed. R. Civ. P. 12(b)(6) [Docket No. 48], tends to impair the adversarial nature of the initial pleading phase of this proceeding.[22]   As per the Court's Order [Docket No. 65], Defendants have been excused from responding to Plaintiffs' collateral Rule 12 motions, even though such motions are well-grounded in law and fact and comport with the text and spirit of the Federal Rules.   They have also been excused from responding to Plaintiffs' proposed

---

[21] See also, Mackey v. Montrym, 443 U.S. 1, 13 (1979) ("[O]ur legal tradition regards the adversary process as the best means of ascertaining truth and minimizing the risk of error . . . ."); Beary v. City of Rye, 601 F.2d 62 (2d Cir. 1979) (reversing trial court decision for placing administrative interests over principles of fairness); see also George C. Christie, *Objectivity in the Law*, 78 YALE L.J. 1311, 1329 (1969) ("[T]he primary social purpose of the judicial process is deciding disputes in a manner that will, upon reflection, permit the loser as well as the winner to feel that he has been fairly treated.").

[22] Defendants, who have yet to file an answer, have absolutely nothing to lose on their Rule 12 motion except a single motion. And they can renew these same arguments on Rule 12(c) or Rule 56. Plaintiffs, on the other hand, are fighting to protect their *property* and livelihoods. Their constitutional rights, economic interests, intellectual property, and state proprietary rights are at stake on Rule 12(b)(6), not to mention their family names and personal identities.

cross-motion under Rule 56(c) concerning the First Amendment. [23]

### POINT III

### PLAINTIFFS' SUPPLEMENTAL MEMORANDUM [DOCKET NO. 64] SHOULD STAND ON THE RECORD IN OPPOSITION

In their Reply Brief [Docket No. 62], Defendants argue that Plaintiffs had technically forfeited or defaulted on their *substantive* claims by not addressing Counts VIII-XI in the four corners of their 25-page opposition brief [Document No. 55]. Defendants' legal argument caused a reflexive reaction which resulted in Plaintiffs' filing of a supplemental brief about six (6) hours after the Defendants' filing of the Reply Brief.[24] Although Plaintiffs are remiss for their technical non-compliance with the Individual Practices, ¶ 2.A, Plaintiffs respectfully request that, for good cause shown, the Court should *INSTRUCT* the Clerk to reinstate the Supplemental Memorandum [Docket No. 64] to stand in further opposition to Defendants' Reply Brief on Rule 12(b)(6) because: (a) it facilitates resolution on the merits of Counts VIII-XI rather than technical default;[25] (b) Defendants *grossly* misrepresented the rule of law to the Court,

---

[23] In fairness, Plaintiffs should not be restricted from using the full force of tools provided by the Federal Rules of Civil Procedure to *protect their property* from forfeiture. Particularly at this stage of the proceeding, where Defendants seek full dismissal of the entire complaint with prejudice, pre-motion procedural requirements stand in apparent conflict with the "bedrock premise of the federal rules . . . that cases filed in a federal district court are to be resolved through adversarial litigation before the court..." See Roberts, David M., *The Myth of Uniformity in Federal Civil Procedure: Federal Civil Rule 83 and District Court Local Rulemaking Powers*, 8 U. PUGET SOUND L. REV. 537, 545 (1985).

[24] Plaintiffs acknowledge that the filing of the Supplemental Memorandum, dated April 14, 2014, [Docket No. 64] was not procedurally compliant with the Court's Individual Rules and Practices. The filing of Docket No. 64 was a reflexive reaction to Defendants' primary arguments of technical default, which were interposed for the first time in Defendants' Reply Brief, dated April 14, 2014 [Docket No. 64]. As it turns out, these arguments have no support.

[25] See Foman v. Davis, 371 U.S. 178, 181-182 (1962) ("It is too late in the day and entirely

which warrants the docketing of the supplemental brief as a sanction;[26] and (c)

Plaintiff should be permitted to make a record of its meritorious arguments.[27]

## **CONCLUSION**

Based on the foregoing, Plaintiffs respectfully request that the Honorable Court

GRANT Plaintiffs' request for relief, as set forth on page 1 of this memorandum.

New York, New York
May 6, 2014

>                                        **/jameshfreeman/**_____
>                                        James H. Freeman, Esq.
>
>                                        JH FREEMAN LAW
>                                        3 Columbus Circle – 15 Fl.
>                                        New York, New York 10019
>
>                                        *Attorney for Plaintiffs and Third Party*
>                                        *Jermaine Jones*

---

contrary to the spirit of the Federal Rules of Civil Procedure for decisions on the merits to be avoided on the basis of ... mere technicalities. The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits.'") (citations omitted).

[26] Defendants' legal argument [Docket No. 62, p. 1] that Plaintiffs somehow forfeited their claims for not addressing Counts XVIII-XI in their main opposition brief [Docket No. 55] is based on a *gross mischaracterization* of two legal authorities.  See Raniola v. Bratton, 243 F.3d 610, 613 n.1 (2d Cir. 2001) (addressing whether party waived claim by failing to address *at trial*); Felske v. Hirschmann, 2012 WL 716632, at *3 (S.D.N.Y. Mar. 1, 2012) (addressing waiver on failing to raise objections to *personal jurisdiction*, which is waived by operation of statute). Rule 12(b)(6) represents the Defendants' motion to the Court for relief – it is therefore Defendants' burden alone to show why the factual allegations appearing *on the face* of the complaint, even if taken as true, are insufficient to state a cause of action.

[27] "Filing at the trial court level with a view to 'making a record' is crucial because, absent extraordinary circumstances, federal appellate courts will not consider rulings or evidence which are not part of the trial record."  IBM v. Edelstein, 526 F.2d 37, 45 (2d Cir.1975) "Moreover, it is of no avail to an appellant that the trial court itself may have prevented him from including a particular item in the trial record; the appellate court will not speculate about the proceedings below, but will rely only upon the record actually made." Schoenberg, 971 F.2d at 936